(55 Misc. Rep. 5.)

## In re HOULIGAN.

(Supreme Court, Special Term, St. Lawrence County. June, 1907.)

1. ELECTIONS—BALLOTS—STATUTORY PROVISIONS.

Where the names of the nominees of a Citizens' ticket for school commissioners placed on a ballot pursuant to Laws 1906, p. 1374, c. 495, legislating out of office the board of school commissioners, and providing for the election of new commissioners on the same ballot as other city officers, were put in the same column with the socialistic labor ticket, in violation of Election Law, Laws 1896, p. 933, c. 909, § 81, requiring the printing of each ticket in a separate column, the error was one to which objection should have been made before election.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Elections, § 150.]

2. SAME.

False markings in relation to a Citizens' ticket for school commissioners, placed on a ballot pursuant to Laws 1906, p. 1374, c. 495, legislating out of office the board of school commissioners, and providing for the election of new commissioners on the same ballot as other city officers, render the remainder of the ballot invalid, since that ticket being on the same ballot and voted at the same election with the state and city tickets, it must be regarded as subject to the same rules and regulations.

3. SAME—COUNT OF VOTES.

Under the express provisions of Election Law, Laws 1896, p. 963, c. 909, § 111, election inspectors are without right to reject ballots marked in such a manner as to indicate that the marks were made for the purpose of identification, but they must count the same and return such ballots indorsed with the words, "Protested as marked for identification."

4. SAME—IRREGULARITIES AND ERRORS.

Election Law, Laws 1896, p. 955, c. 909, § 105, providing that it shall not be lawful to make any mark on an official ballot other than an X mark, made for the purpose of voting, with a pencil having a black lead, and that only in the circles or in the voting spaces, and rule 7, subsec. 2, of that section, providing that one straight line across another straight line at any angle within a circle or within the voting spaces shall be deemed a valid voting mark, are not complied with by the placing of the crossing point or intersection of the lines within the circle, if any of the lines run outside of the circle.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Elections, §§ 151, 152, 154, 166, 167.]

5. SAME.

Under Election Law, Laws 1896, p. 955, c. 909, § 105, subd. 2, providing that, if a voter desires to vote a split ticket, he must not place an X in the circle above the name of any party, but must make an X in the voting space before the name of each candidate for whom he desires to vote, a ballot whereby a voter attempted to vote a split ticket on which X marks for individual candidates are not within the voting spaces is void.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Elections, §§ 151, 154, 166, 167.]

6. SAME.

Under Election Law, Laws 1896, p. 955, c. 909, § 105, providing that it shall be unlawful to deface or tear a ballot or to erase any printed device, figure, or word therefrom, a ballot on which a voter erased the name of a candidate printed thereon is void.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Elections, §§ 151, 156, 166, 167.]

**7. SAME.**

Under Election Law, Laws 1896, p. 955, c. 909, § 105, declaring it unlawful to deface or tear a ballot or to erase any printed device, figure, or word therefrom, or to erase any name or mark written thereon by a voter, a ballot on which an unauthorized mark has been made by the voter, which he afterwards tried to erase, is void.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Elections, §§ 151, 156, 166, 167.]

**8. SAME.**

Under Election Law, Laws 1896, p. 955, c. 909, § 105, subd. 2, rule 4, providing that, if a voter desires to vote for any person whose name does not appear on the ballot, he can do so by writing the name in a proper place in the blank column, a ballot on which the voter wrote the name of a person for whom he desired to vote in some other column than the one designated on the ballot for that purpose was void.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Elections, §§ 151, 166, 167.]

**9. SAME.**

Under Election Law, Laws 1896, p. 955, c. 909, § 105, declaring the rules which shall be observed in marking ballots, a ballot marked on its back and not on its face is void.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Elections, §§ 151, 166, 167.]

**10. SAME.**

Under Election Law, Laws 1896, p. 961, c. 909, § 110, subd. 2, rule 1, providing that if a voter marks more names than there are persons to be elected to an office, or if for any reason it is impossible to determine his choice, his vote shall be returned as a blank vote, a ballot marked in the circles of several different tickets, each containing nominations for all offices of the ballot, is void.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Elections, §§ 155, 160, 166, 167.]

**11. SAME—COUNT OF VOTES.**

Under Election Law, Laws 1896, p. 962, c. 909, § 110, subd. 2, rule 6, providing that where a voter places an X in more than one circle at the head of party tickets, and on either of such tickets there shall be one or more candidates for office for which no other candidate or candidates is or are named on such other ticket or tickets so marked in the circle, his vote shall be counted for such candidate or candidates, a ballot marked in the circle of two tickets, both having candidates for state and county offices, but only one for city offices, was properly counted for the city offices.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Elections, §§ 155, 160.]

Mandamus by James J. Houligan to the board of canvassers of St. Lawrence county, requiring a judicial examination of certain ballots, rejected by the inspectors of election as void, and for a count of such ballots. Finding for respondent.

Hale & Adams (George R. Malby, of counsel), for relator.
George E. Van Kennen and Thomas Spratt, for respondents.

SPENCER, J. This is a judicial investigation of alleged void ballots cast at the annual election held in the city of Ogdensburg on the 6th day of November, 1906. The inspectors of election of district No. 1, in the Third Ward, returned 18 ballots uncounted as void, and the inspectors of district No. 2, in the same ward, returned 21 ballots un-

counted as void. The relator alleges that he and George E. Van Kennen were candidates for the office of alderman of that ward, and these ballots should have been counted for one or the other.

The first question which arises relates to the Citizens' ticket for school commissioners. That ticket was pleaced upon the ballot pursuant to the provisions of chapter 495, p. 1374, Laws 1906, which legislated out of office the board of school commissioners and provided for the election of new commissioners in November, upon the same ballot as other city officers. It was thus rightfully upon the ballot and constituted a part of the same; but its place in the same column with the Socialistic Labor ticket is in violation of section 81 of the Election Law, Laws 1896, p. 933, c. 909, which requires the printing of each ticket in a separate column. This was an error of the clerk to which objection should have been made before the election. People ex rel. Williams v. Board of Canvassers, 105 App. Div. 197, 94 N. Y. Supp. 996, affirmed 183 N. Y. 538, 76 N. E. 1116. It does not invalidate the ballot. People ex rel. Hirsh v. Wood, 148 N. Y. 142, 42 N. E. 536; Matter of Merow, 112 App. Div. 562, 99 N. Y. S. 9.

The relator contends that false markings, upon or in respect to the Citizens' ticket for school commissioner should not render the remainder of the ballot invalid. I find no authority in the statute for such a discrimination. That ticket, being by the special act upon the same ballot and voted at the same election with the state and city tickets, must be regarded as subject to the same rules and regulations; and therefore any false markings as to it must have the same effect and work the same result as false markings in respect to any other part of the ballot. The argument that the presence of this ticket upon the ballot and its improper placement led certain voters into the errors which they committed is specious, but begs the entire question. I find no rule under subdivision 2, § 110, invoked by the relator, on this subject. None of those rules has reference to false or imperfect markings. They have reference only to ballots upon which the markings comply with the statutory requirements, but as to which there is confusion as to the particular candidates for whom the voters intended to vote. As will be set forth hereafter, the element of intent does not enter into or determine questions touching ballots which are void by reason of false markings. The inspectors returned the 39 ballots as void. None were counted as "marked for identification." The respondent contends that one rule applies to ballots that are void and another to ballots "marked for identification." It is necessary to decide this question before proceeding to an examination of the ballots in question.

The election law (section 111) recognizes two classes of objectionable ballots, and requires different action by the inspectors as to each.

The first class may be designated as "protested" ballots, and consists of ballots marked in such a manner as to indicate that the marks were made for the purpose of identifying the persons who voted. The object of prohibiting such markings is to secure secrecy of the ballot and to discourage, and, if possible, prevent, the use of money in the purchase of votes. The question whether such a marking should or should not deprive an elector of his vote is not left to the inspectors

to determine. They are required to count and return such ballots indorsed with the words, "Protested as marked for identification," specifying the mark or markings to which objection is made. The question whether such ballot was marked by the voter, with the purpose or intent of enabling another to identify him as the person who cast the same, is deemed too difficult and delicate for hasty decision by the board of inspectors upon the canvass; and therefore provision is made for judicial investigation to determine in the first instance whether such ballot should be excluded. Election Law, § 114. We are not here concerned with the rules nor the decisions of the courts in respect to ballots of this character. The practice which should govern judicial investigations as to them has not been indicated, so far as I know, by any adjudication; and nothing in this opinion is intended to have reference thereto, for the reason that none of the ballots now before the court belong to that class and are not returned by the inspectors as such.

The second class of objectionable ballots are designated void. They must not be counted by the inspectors for any candidate. The decision as to the validity of such a ballot must be made by the inspectors while making the canvass and calls for a summary determination upon a mere inspection of the ballot itself. If its markings do not substantially comply with the rules and requirements of the election law, it must be adjudged void and returned indorsed by the inspectors as void. In making this determination, the inspectors may not indulge in speculations as to the intent of the voter. The statute provides clear and explicit rules regulating where and how the ballots shall be marked. The question of the voter's intent is not involved. The only question is whether he has or has not in fact conformed to the requirements of the law. People ex rel. Nichols v. Board of Canvassers, 129 N. Y. 395, 402, 407, 29 N. E. 327; 14 L. R. A. 624; People ex rel. Feeny v. Board of Canvassers, 156 N. Y. 36, 50 N. E. 425. The frequency with which the two classes of ballots have been confused in some of the decisions makes their application somewhat difficult. As to the class of protested ballots, the intention of the voter constitutes the essential element; and, in order to discover his intent, the court, acting as a court of first instance, may, no doubt, discover the intent by any means and in such manner as it may deem expedient. But, as to void ballots, the inspectors sit as the court of first instance; and its inquiry is not what the voter intended, but simply what he has done in the way of marking his ballot. The ballot itself is the evidence of the fact as to the marking, and it is a pure question of law whether it complies with the statute.

The relator contends that the inspectors in passing upon this question should consider a ballot valid, unless it bears a "distinguishing mark," and indicates a manifest intention on the part of the voter to violate the law; and he relies on the decision in Matter of Hearst, 48 Misc. Rep. 454, 96 N. Y. S. 119, as authority for his contention. I have examined that case with considerable care, and conclude that the views there expressed have reference only to protested ballots of the class first herein mentioned. Perhaps as to such ballots the inspectors

of the court on review may indulge in speculation as to whether markings are not due to dim light, unsteady tables, tremulous hands, poor eyesight, or the habit of some men to strike upward before striking downward, or the tendency of lead pencils to split at the point and make two marks instead of one. I express no opinion on that subject. But as to ballots of the other class—that is, void ballots—such views are not in harmony with the repeated declarations of the court of last resort, of which the language of Judge O'Brien in People ex rel. Feeny, supra, will serve as a sample:

"That statute declares that, when a ballot discloses certain marks or physical appearance, it shall not be counted, and we have the ballots before us with certain marks and appearances upon them, and whether they come within the condemnation of the statute is a pure question of law. Whether the condition of the ballot was due to the voluntary or involuntary act of the voter is a matter of no consequence. Our duty is simply to apply a statute to conceded facts."

See opinion on page 47 of 156 N. Y., page 428 of 50 N. E.

It is true that on the hearing I expressed a somewhat different opinion which was influenced by the argument of counsel for the relator; that, in passing upon void ballots, great latitude should be exercised in endeavoring to ascertain the cause of the voter's error, and, if such error might be due to innocent circumstances and did not show intention on the part of the voter to violate the statute, his vote should be counted. But a careful reading and consideration of the opinion of Judge O'Brien in the case of People ex rel. Nichols v. Board of Canvassers, supra, and People ex rel. Feeny v. Board of Canvassers, supra, has led me to the conclusion that the court is not at liberty to depart from the strict interpretation and enforcement of the law upon this subject. This impression has been intensified by the opinion of Justice Parker in this department, in the case of People ex rel. Wells v. Collin, 19 App. Div. 457, 46 N. Y. Supp. 701; People ex rel. Wells v. Common Council of City of Elmira, 154 N. Y. 750, 49 N. E. 1102. Furthermore, I am of the opinion that it was the intention of the Legislature to require of every voter the exercise of intelligence, observation, and care, so as to follow the instructions and observe the requirements prescribed by the statute. The failure to make his vote effectual is his own fault, and may not be regarded as a serious loss to the state. With these views of the statute in mind, I will proceed to pass upon the validity of the several ballots before me.

Ballots Nos. 1, 2, 3, 4, 5, 14, 17, 18, and D, I, K, N, and S are void, being in violation of section 105 of the election law which provides:

"It shall not be lawful to make any mark upon the official ballot other than the X mark, made for the purpose of voting with a pencil having black lead, and that only in the circles or in the voting spaces."

Rule 7, subsec. 2, of that section provides that:

"One straight line crossing another straight line at any angle within a circle or within the voting spaces shall be deemed a valid voting mark."

Each of the above ballots violates the above provisions in some particular, other than by continuing one or more of the lines beyond and outside the limit of the circle, and so are void, irrespective of that

106 N.Y.S.—14

question. But, as I read the statute on that subject, its terms are not satisfied by placing of the crossing point or intersection of the lines within the circle, if any of the lines run outside the circle. The statute is explicit that the mark must be "only in the circle." To say that this means that only the point of intersection need be within the circle is to trifle with its express language and clear intention. If by an inspection it is apparent that any part of a line forming the cross mark passes outside the circle, the marking is not "only within the circle," and is in violation of the statute. It is not part of the duty of the inspector or of this court to modify the express provision of the statute for the reason that it is harsh, as applied to certain particular cases, or in order to save careless or incompetent voters from losing their votes at any particular election. The rules are prescribed by lawful authority and are justified by ample reasons, and strict compliance therewith should be required.

In respect to ballots Nos. 9, 11, 13, 15, and A, G, H, L, and U, each voter attempted to vote a split ticket; but the cross-marks for individual candidates are not within the voting spaces. They are therefore void. People ex rel. Wells v. Collin, supra.

Ballots Nos. 6, 8, and E, C, and Q, must also be held void, as each voter, except in ballot No. 6, has erased the name of a candidate printed upon the ballot in violation of section 105 of the election law, which forbids the erasure of any printed device, figure, letter, or word upon a ballot. In the case of ballot No. 6, it is impossible to decipher what purports to be a written name in the space in the blank column for alderman for long term. Evidently the voter attempted to write the name of a candidate whose name was not upon the ticket, and his failure to make the writing legible does not seem to come within any of the rules provided in the election law. Therefore, passing that objection, we find an additional mark somewhat like the letter "S" in one of the voting spaces in the blank column. The voter seems to have attempted to erase the mark, but it is clearly in violation of the statute which prohibits any defacing of a ballot. It must, therefore, be regarded as a void ballot.

We now come to ballots Nos. 7, 10, 12, and B, F, J, O, P, and T. These all seem to be regular, except that each voter has attempted to vote a split ticket as to school commissioner. There was only one set of candidates printed upon the ballot. In order to vote for any other, it was necessary for the voter to write the name of such other in the proper place in the blank column. Instead of writing the names of the persons for whom they desired to so vote in the blank column, they have written such names in the column headed "Independence League." This the voters have done, although at the top of the blank column is printed a notice as follows:

"The elector may write in the column below under the title of the office the name of any person whose name is not printed upon the ballot for whom he desires to vote."

Although the placing of the Citizens' ticket in the same column with and under that of the Socialist Labor ticket was an irregularity upon the part of the clerk, and may have been the cause of misleading the

voters in the instances under consideration, their acts in placing the names in the wrong column were due to carelessness and performed in the face of specific instructions to the contrary. The statute is clear as to where the names of candidates so voted for must be placed. Rule 4, subsec. 2, § 105, reads as follows:

"If the elector desires to vote for any person whose name does not appear on the ballot, he can so vote by writing the name with a pencil having black lead in the proper place in the blank column."

It was held in People ex rel. Feeny v. Board of Canvassers, supra, that the writing of a name of a candidate already printed upon the blank space is a clear violation of the language of the statute and renders the ballot void. If such an error is fatal, I see no ground for holding that the error now under consideration is not also fatal.

As to ballot M, the statute seems not to have contemplated such an instance. The voter made no mark on the face of the ballot, but made four cross-marks on its back. It did not constitute a vote for any candidate, and was therefore properly rejected.

By ballot R, the voter has placed the cross-mark in the circle of five different tickets. Each ticket has a full set of candidates for state and county offices and two tickets for city offices. I think the inspectors were correct in discarding this as a blank ballot under rule 1, subd. 2, § 110, Election Law.

Touching ballot No. 16, the voter has placed the cross-mark in the circle of two tickets. Both tickets have candidates for state and county offices, but only one has candidates for city offices. I think under rule 6, subd. 2, § 110, Election Law, this ballot should have been counted for the city ticket.

The order which shall be made herein pursuant to the above opinion may be settled, on application of either party, upon three days' notice to the other, at which time the question of costs will be passed upon.

Ordered accordingly.