(65 Misc. Rep. 223.)

### PEOPLE ex rel. BELL v. BOARD OF CANVASSERS OF ONONDAGA COUNTY et al.

(Supreme Court, Special Term, Oneida County.   December, 1909.)

1. ELECTIONS (§ 186*)—LOCAL OPTION ELECTION—IRREGULARITY IN BALLOT.
    On a contest of local option election, where the evidence shows a blur mark in a voting space of each of two ballots and also a mark of some kind on or under the same, and it cannot be determined that there was an attempt to change the vote of each ballot, the rejection of the ballots was proper.
    [Ed. Note.—For other cases, see Elections, Dec. Dig. § 186.*]

2. ELECTIONS (§ 180*)—BALLOTS—LEGAL VOTE.
    In order that a vote on a constitutional amendment or any other question should be legal, the elector must mark his ballot by the cross mark within the voting square with the same accuracy as though he were voting for a candidate.
    [Ed. Note.—For other cases, see Elections, Cent. Dig. §§ 151–157; Dec. Dig. § 180.*]

3. ELECTIONS (§ 180*)—BALLOTS—CROSS MARKS.
    Where some portions of all the cross marks extend beyond the voting square in a ballot, and in one of said cross marks the lines converge to an acute angle at the lower line of the square, there is no cross mark, as required by Election Law (Consol. Laws, c. 17) § 368, rule 9.
    [Ed. Note.—For other cases, see Elections, Cent. Dig. §§ 151–157; Dec. Dig. § 180.*]

Application by the People, on the relation of Ephraim J. Bell, for writ of mandamus to the Board of Canvassers of Onondaga County and others.   Order to show cause why a peremptory writ should not issue.   Writ ordered.

Costello, Burden, Cooney & Walters, for relator.
H. L. Smith, for board of canvassers.
Alexander S. Carlson, for inspectors of election.

DEVENDORF, J.   This controversy arose over the canvass of votes cast upon local option questions in district No. 1 of the town of Tully, Onondaga county, at the election held November 2, 1909.

It was claimed at the time the order to show cause was obtained herein that the inspectors had improperly rejected 19 ballots and had counted 2 illegal ballots.   The questioned ballots were all produced in court; and it was substantially conceded by the parties that Exhibits 1, 2, 3, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14, 15, 17, 18, and 19 were void, leaving but Exhibits 8 and 16, which had been rejected by the board of inspectors as void ballots, to be considered by the court hereon. These were rejected because the inspectors decided that cross marks in the voting spaces at the left of the questions voted upon had been erased, or an attempt had been made to erase them, so that they were brought within the inhibition of that part of section 368 of the election law (Consol. Laws, c. 17) which says:

"A void ballot is a ballot * * * upon which there shall be found any erasure of any printed device, figure, letter or word, or of any name or mark written thereon, by such voter. * * *"

The question presented by the condition of these two ballots is simply one of fact. The inspectors were as able to determine that correctly, perhaps, as the court. There is a blur mark in a voting square of each of said ballots, and apparently a mark of some kind either on or under the same. I am free to say there may doubt one way or the other; but, after carefully examining them under a glass, I think it may be reasonably determined that there was an erasure, or an attempt to change the vote, so that each of them came within the language of the statute above quoted, and I am, therefore, inclined to sustain the action of the inspectors in rejecting these two ballots and the request to count them is, therefore, denied.

The plaintiff herein objects to two other ballots, which are in the class of protested ballots and had been counted. They are known herein as Exhibits A and B. Little contest, however, was made as to the latter of said two exhibits, and it was allowed to remain as having been properly counted. It is claimed that the ballot, Exhibit A, should be excluded as void, for the reason that the voter in marking it did so contrary to the positive direction of the statute. Rule 9, section 368 of the election law, is as follows:

"A void ballot is a ballot upon which there shall be found any mark other than a single cross X mark made for the purpose of voting, which voting mark must be made with a pencil having black lead, only in the circles or in the voting spaces to the left of the names of candidates."

Section 332 of said election law provides for a vote upon a constitutional amendment, or any other amendment or question; and the liquor tax law also contains provisions as to voting on local option questions. In view of the statutes above referred to, I think the elector, in order to cast a legal vote upon a constitutional amendment, or any other amendment, proposition, or question, must mark his ballot by the cross mark within the voting square at the left thereof. His ballot must be marked in the same manner and with the same degree of care and accuracy as though he were voting for candidates.

Upon the ballot in question some portions of all the cross marks extend out of and beyond the voting squares; and one of said cross marks has its lines intersecting upon the lower line of the voting square, so that there is no cross mark whatever within the square, but simply two lines converging to an acute angle at said lower line and forming nearly a "V" shape within said square. I am of the opinion that this is not a cross mark within the square, as required by the statute, and is not a compliance, or a substantial compliance, with its explicit language in that regard; but by such mark the ballot is rendered void, because it is a mark "other than a single cross mark made for the purpose of voting * * * only in the circle or in the voting space to the left." Rule 9, section 368 of the election law.

The point of intersection of the cross mark is not within the square, and it becomes, I think, a clear violation of the statute, and the ballot should have been rejected. I regard the case of Matter of Houligan, 55 Misc. Rep. 11, 106 N. Y. Supp. 210, as a precedent upon this question. The court there stated that the terms of the statute—

"are not satisfied by a placing of the crossing point, or intersection of the lines, within the circle, if any of the lines run outside the circle. The statute

is explicit that the mark must be 'only in the circle.' To say that this means that only the point of intersection need be within the circle is to trifle with its express language and clear intention. If by an inspection it is apparent that any part of a line forming the cross mark passes outside the circle, the marking is not 'only within the circle,' and is in violation of the statute. It is no part of the duty of the inspector or of this court to modify the express provision of the statute, for the reason that it is harsh as applied to certain particular cases, or in order to save careless or incompetent voters from losing their votes at any particular election.. The rules are prescribed by lawful authority, and are justified by ample reasons, and strict compliance therewith should be required."

I do not say that it would not be a substantial compliance with the statute if the cross mark were well within the circle, or voting square, and a line thereof should extend beyond the line of the circle or square to a comparatively small extent. I should hesitate to declare such a ballot void, but would prefer, rather, to regard it as valid within the purview of the statute. In this case there is no cross mark within the voting square, and all we have within it are the lines forming somewhat of a "V" shape, and thence extending and intersecting each other upon the lower line of the square, as stated. I think that such a mark rendered the ballot void.

I have come to the conclusion, therefore, that Exhibit A was a void ballot and should be excluded from the count. All the ballots in question should have been returned by the inspectors to the commissioner of elections of Onondaga county. They should be returned to him now.

The proper writ will issue, and direction will follow accordingly.

Ordered accordingly.