PEOPLE ex rel. HARRINGTON v. CORNISH et al.

(Supreme Court, Special Term, Ontario County. November 20, 1915.)

ELECTIONS ⬥194—BALLOTS—ERASURES—EFFECT.

    Under Election Law (Consol. Laws, c. 17) § 368, rule 9, providing that a void ballot is a ballot upon which there shall be found any mark other than a single cross-mark, etc., or one upon which there shall be found any erasure of any printed device, figure, letter, or word, or of any name or mark written thereon by the voter, where a number of excise questions were submitted on one ballot, it rendered the entire ballot void for voters to vote both "Yes" and "No" on one of such questions, and then erase the mark in the voting space opposite the word "No," though there were no erasures opposite the other questions.

    [Ed. Note.—For other cases, see Elections, Cent. Dig. §§ 166, 167; Dec. Dig. ⬥194.]

Mandamus by the People, on the relation of Daniel N. Harrington, against Edward Cornish and others, constituting the Boards of Inspectors of Elections in the Town of Naples, Ontario County, N. Y., and others. On return of a peremptory writ of mandamus requiring the production of certain ballots marked void, etc. Application denied.

Charles D. Newton, of Geneseo, for relator.

Perry Borden, of Stuart, for respondents.

CLARK, J. The controversy here arises over the question whether or not two ballots cast at the general election on November 2, 1915, in district No. 1 of the town of Naples, Ontario county, and four ballots cast at said election in district No. 2 in said town, which were discarded by the boards of inspectors of election in said districts as void ballots, were properly disposed of, and whether or not said ballots should have been counted. These ballots were all with reference to four excise propositions which were submitted to the voters of the town of Naples at said election; the propositions being numbered, respectively, questions 1, 2, 3, and 4.

An examination of the ballots shows that as to each one of them there were certain erasures, and on one ballot, which is marked Exhibit 3, the voter had voted "Yes" on all four of the excise propositions

which were voted on at said election, but on question No. 1 he had evidently voted both "Yes" and "No," and then had plainly erased the mark he had placed in the voting space opposite the word "No." There were no other erasures on the ballot.

Each of the other five exhibits, which were produced before me, contains similar erasures. These erasures did not apply to all of the excise questions upon which the voter attempted to express himself, but on each of the ballots, while on most of the questions the voter had voted properly, there was at least one plain erasure, where the voter had made a mark in a voting space, and had erased it, and made a cross mark in a different voting space, so that each one of the ballots, Exhibits 1 to 6, inclusive, contained a plain erasure.

It is contended on behalf of the relator that, while any such erasure would render the ballot void as to the particular question where the erasure appeared, it would not affect the ballot as to any other excise question where the voter voted properly. All questions were, of course, on the same ballot, and the erasures appeared on each ballot as above stated, and the ballots were rejected because the inspectors decided that cross marks in the voting spaces at the left of the questions voted upon had been erased.

I have no doubt whatever that the action of the inspectors in rejecting each one of the Exhibits 1 to 6, inclusive, on the ground that said ballots were void, was correct. There had been erasures in each instance, and that would render the ballots void, even though the erasures did not apply to each one of the propositions submitted on the ballot. All questions were submitted on one ballot, and the erasures appeared on each ballot, and that rendered each of them void. Section 368, rule 9, Election Law; Matter of Houligan, 55 Misc. Rep. 5, 106 N. Y. Supp. 205; People ex rel. v. Board of Canvassers of Onondaga County, 65 Misc. Rep. 223, 121 N. Y. Supp. 365.

The relator cites the case of Tamney v. Atkins, 151 App. Div. 309, 136 N. Y. Supp. 865; but that case did not involve the question whether or not an erasure on a ballot would render it void. In that case the voter had voted both yes and no on certain propositions, and on other propositions he had voted properly, and it was held that the improper marking of the ballots on a proposition where the voter had voted yes and no did not invalidate the ballot as to the propositions where he had voted properly; the court holding that when he voted both yes and no on a proposition it was mere surplusage, and would not affect the questions where the voter had voted properly. There was no question in that case as to an erasure on the ballot.

On the exhibits in question there was a plain and conceded erasure as to each one of them, and that would render the entire ballot void under the section of the Election Law and the cases above cited, and the action of the inspectors in rejecting said ballots as being void because of the erasures was correct.

This application must be denied, but, under the circumstances, without costs.

Ordered accordingly.