In the Matter of the Application of MICHAEL J. GARVIN to
  Examine Void and Protested Ballots Cast for State Commit-
  teeman in the Thirty-third Assembly District, Borough of
  The Bronx, County of Bronx, City and State of New York.
PATRICK J. KANE, Appellant; MICHAEL J. GARVIN, Respondent.

First Department, May 21, 1915.

Election Law — primary election — marking ballots — statute construed.
  — various markings considered and declared valid or invalid.

Proceeding to determine which of two candidates for the position of
  State committeeman was duly elected at a primary election.   Section 82
  of the Election Law, relating to the preparation of ballots by voters,
  construed as follows:
Where slight pencil dots appear adjacent to the voting cross which were
  evidently made by the voter resting his pencil upon the paper before or
  after making the cross, the ballot is good and should be counted, and in
  any event all such ballots should be treated alike and some should not
  be declared void as to the respective candidates while others open to the
  same objection are allowed.
Ballots bearing irregular cross marks should all be treated alike and are
  valid by virtue of the express wording of the statute.
But ballots upon which the voter first wrote in the voting square the num-
  ber printed upon the ballot opposite the name of the candidate for whom
  he intended to vote and then superimposed a cross after discovering the
  mistake, are void, there being in such case a mark other than the cross
  which alone is permitted by the statute.
Ballots having "half cross marks" in the voting space should be declared
  to be void, for they bear an unlawful mark.
Ballots with excessive crosses in the voting space and bearing erasures are
  void.
A ballot upon which the voter wrote the name "Sulzer" under the title
  of Governor without adding the first name of the candidate is valid, for
  under the statute a voter may write in the name of a candidate not
  printed on the ballot and vote for him by making a cross in the voting
  space.

APPEAL by Patrick J. Kane from an order of the Supreme
Court, made at the Bronx Special Term and entered in the
office of the clerk of the county of Bronx on the 18th day of
December, 1914, as amended and resettled by an order entered
in said clerk's office on the 20th day of January, 1915.

*Robert S. Mullen,* for the appellant.

*Edgar Hirschberg* [*William Cohn* with him on the brief], for the respondent.

CLARKE, J.:

The controversy which this proceeding was instituted to determine was whether Michael J. Garvin or Patrick J. Kane had been duly elected to the position of State committeeman of the Democratic party from the thirty-third Assembly district at the primary election held in and for the county of Bronx on the 28th day of September, 1914. The court found that at such election there was cast for said candidates the following number of votes as to which there was no dispute or question: Michael J. Garvin, 1,277; Patrick J. Kane, 1,266. After examining the disputed ballots he rejected a large number as void and not to be counted for either candidate, and found 33 which were good and valid and should be added to the number allowed as aforesaid to Garvin, making a total of 1,309, and 40 which should be added to the amount as aforesaid allowed to Kane, making a total of 1,305, and thereupon made an order directing the board of elections to correct the returns as indicated, and that the said Garvin was entitled to receive a certificate of election to said office.

This court has re-examined all of the disputed ballots submitted to the Special Term and enumerated in the decision.

Section 82 of the Election Law (Consol. Laws, chap. 17 [Laws of 1909, chap. 22], added by Laws of 1911, chap. 891), as amended by chapter 820 of the Laws of 1913, provides: "Preparation of ballot by voters. The voter, on retiring to the voting booth, shall prepare his ballot in the following manner: He shall make a cross X mark in the voting square at the left of the name of each candidate for whom he desires to vote. A cross X mark is any straight line crossing any other straight line at any angle within the voting space and no ballot shall be declared void because a cross X mark thereon is irregular in character. It shall not be lawful to make any mark on the ballot other than a cross X mark for the purpose of voting, and such mark shall be made only with a pencil having black lead, and only in the

First Department, May, 1915.        [Vol. 168.

voting space to the left of the name of a candidate; except that the voter may write with a pencil having black lead in the blank space under the title of the proper office or party position the name of any person or persons for whom he desires to vote, whose name or names are not printed upon the ballot; not exceeding with the candidates for whom he has voted by cross ✕ mark the total number of persons by whom such office or position is to be filled. It shall not be lawful to deface or tear a ballot in any manner, nor to erase any printed name, device, figure, word or letter therefrom, nor to erase any mark made thereon by such voter nor inclose in the folded ballot any other paper or any article. If the voter deface or tear a ballot, or wrongly mark the same or make an erasure thereon, he may obtain one additional ballot on returning to the ballot clerk the one so defaced or wrongly marked."

Section 86 thereof (added by Laws of 1911, chap. 891, as amd. by Laws of 1913, chap. 820) provides: "Intent of voters. If the voter marks more names than there are persons to be nominated for an office or elected to a party position, or if for any other reason it is impossible to determine the voter's choice of a candidate for a party position or for nomination for an office, his vote shall not be counted therefor but shall be returned as a blank vote for such nomination or party position. A void ballot is a ballot upon which there shall be found any mark other than a cross ✕ mark made for the purpose of voting, which voting mark must be made with a pencil having black lead, only in a voting space to the left of the name of a candidate; or one upon which anything is written other than the name or names of any person or persons not printed upon the ballot, for whom the voter desires to vote, which must be written in the blank space under the title of the proper office or party position with a pencil having black lead; or one which is defaced or torn by the voter; or one upon which there shall be found any erasure of any printed device, figure, letter or word, or of any name or mark written thereon, by such voter; or in which shall be found inclosed a separate piece of paper or other material; and upon such ballot no vote for any candidate thereon shall be counted. Any straight line crossing any other straight line at any angle within a voting space shall be deemed

a valid voting mark; but no ballot shall be declared void because a cross mark thereon is irregular in character."

Accepting the decision of the Special Term as to the great majority of the disputed ballots, those under consideration by this court may be grouped in several classes.

*First,* where slight pencil dots appear adjacent to the voting cross, evidently made by the voter resting his pencil upon the paper before or after making the cross. Thirty-two ballots come within this class, of which seventeen were for Garvin and fifteen for Kane. It is obvious that the same rule should be applied. Of those there were declared void by the Special Term eleven ballots for Garvin and five for Kane; there were declared valid for Garvin six and for Kane ten. There is no reasonable distinction discoverable. They should all have been declared valid or void. In my opinion they were good ballots and should have been so declared.

The next class is of ballots with irregular cross marks, twenty-one in number, of which twelve were for Garvin and nine for Kane; of which were declared void, for Garvin ten, for Kane three; and declared valid, for Garvin two and for Kane six. The marks on all these ballots are of the same general character and should have been treated in the same way. There is no possible reason for admitting the six for Kane and refusing the ten for Garvin. I think they were all valid under the definition of the statute as it now exists: "Any straight line crossing any other straight line at any angle within a voting space shall be deemed a valid voting mark; but no ballot shall be declared void because a cross mark thereon is irregular in character," and the interpretation of voting marks given by the courts in *Matter of Fallon* (197 N. Y. 336); *Matter of De Groot* (Id. 589) and Judge LAMBERT'S rulings on the markings of ballots upon the Hearst-McClellan recount as published by John G. Saxe. (See, also, Saxe's Manual of Elections [2d ed.], 119 *et seq.*)

In addition there is a class of ballots which at first sight appear to be irregular cross marks and hence should be included under the last class, but careful inspection discloses that the voter in each case first put in the voting square the number printed upon the ballot opposite the name of the candidate for

First Department, May, 1915.          [Vol. 168.

whom he intended to vote and then discovering his mistake superimposed a cross thereon in the voting space. Of these there were eleven, of which seven were for Garvin and four for Kane; of which were declared void, for Garvin seven, for Kane three; valid, for Kane one. I think these were all void as there was on each a mark other than a cross mark made for the purpose of voting and an attempted erasure thereof by superimposing a cross mark thereon.

There is another class of ballots with half cross marks thereon. Of this there are twelve in number, seven for Garvin and five for Kane, of which were declared void, five for Garvin, three for Kane; valid, two for Garvin and two for Kane. They should all have been declared void for having an unlawful mark thereon.

There is a class of ballots with excessive crosses in the voting space opposite blank spaces for the names of candidates and also with erasures, seven in number, one for Garvin and six for Kane; the ballot for Garvin was declared void and the six for Kane valid. They were all void and should have been so declared.

Finally there is a ballot for Garvin upon which under the title of Governor is written "Sulzer" with a cross mark in the voting space. This was declared void and improperly so. The voter had the right to write in the name of a candidate not printed on the ballot and to vote for him by making a cross in the voting space. The fact that he did not put in the first name of the candidate, while it might make it ineffective as a vote for that candidate, did not make the whole ballot void. Therefore, it should have been counted for Garvin.

The court found that there were thirty-three ballots submitted to him, in addition to those conceded to be good, for Garvin which were valid. From these should be taken two which this court finds to be invalid, leaving thirty-one, to which should be added twenty-two declared to be void which we find to be good, making a total of fifty-three which should be added to one thousand two hundred and seventy-seven, making a total of one thousand three hundred and thirty valid votes for Garvin.

The court found that forty ballots in addition to those con-

ceded to be good for Kane were valid. From these should be taken nine found by us to be invalid, leaving thirty-one, to which should be added eight votes declared by the Special Term void which we find good, making a total of thirty-nine to be added to one thousand two hundred and sixty-six, about which there is no dispute, making a total of one thousand three hundred and five votes, the result being that Garvin should have been declared elected by a majority of twenty-five instead of four.

The fourth finding of fact should be modified by adding to the disputed ballots found void and not to be counted for either candidate the following:

| 1st election district | Exhibit 7 |
|---|---|
| 2d " " | " 9 |
| 3d " " | " 11 |
| 10th " " | " 6 |
| 14th " " | " 2, 4 |
| 17th " " | " 5, 13 |
| 18th " " | " 7 |
| 19th " " | " 1 |
| 22d " " | " 5 |

And from said finding should be stricken out the following:

| 1st election district | Exhibit 2 |
|---|---|
| 2d " " | " 2, 3, 4, 6, 12, 15 |
| 3d " " | " 1 |
| 4th " " | " 3 |
| 8th " " | " A, 4 |
| 9th " " | " 1 |
| 10th " " | " 2, 7, 9, 10, 11, 12 |
| 16th " " | " 4, 5 |
| 17th " " | " 10, 14, 15, 22, 25 |
| 18th " " | " 20 |
| 19th " " | " 8, 12 |
| 20th " " | " 4 |
| 25th " " | " 1 |

The fifth finding of fact should be modified by adding to the list of ballots declared to be good and valid and to be counted for Michael J. Garvin the following:

First Department, May, 1915. [Vol. 168.

1st election district......... Exhibit 2
2d      "      "    .........    "    2, 3, 6, 12, 15
4th     "      "    .........    "    3
8th     "      "    .........    "    4, A
9th     "      "    .........    "    1
10th    "      "    .........    "    10, 11
16th    "      "    .........    "    5
17th    "      "    .........    "    14, 15, 22, 25
18th    "      "    .........    "    20
19th    "      "    .........    "    8, 12
20th    "      "    .........    "    4
25th    "      "    .........    "    1

And there should be stricken out from said fifth finding the following:

17th election district......... Exhibit 13
19th    "        "    .........    "    1

The sixth finding of fact should be modified by striking out the word "thirty-three," inserting in lieu therefor "fifty-three," and the figures 1309, and inserting in lieu thereof 1330.

The seventh finding of fact should be modified by adding to the list of ballots found to be good and valid and which should be counted for Patrick J. Kane the following:

2d  election district......... Exhibit 4
3d      "      "    .........    "    1
10th    "      "    .........    "    2, 7, 9, 12
16th    "      "    .........    "    4
17th    "      "    .........    "    10

And from said finding should be stricken out the following exhibits:

1st election district......... Exhibit 7
2d      "      "    .........    "    9
3d      "      "    .........    "    11
10th    "      "    .........    "    6
14th    "      "    .........    "    2, 4
17th    "      "    .........    "    5
18th    "      "    .........    "    7
22d     "      "    .........    "    5

The eighth finding should be modified by striking out the word "forty" and inserting in lieu thereof "thirty-nine."

The first conclusion of law should be modified by striking out the figures 1309 and inserting in lieu thereof 1330, and the order appealed from should be modified accordingly and as modified affirmed, with costs and disbursements to the respondent.

INGRAHAM, P. J., SCOTT, DOWLING and HOTCHKISS, JJ., concurred.

Order modified as directed in opinion, and as modified affirmed, with costs to the respondent.    Order to be settled on notice.