## BROWN v. HICKS.

(Supreme Court, Appellate Division, Second Department. November 19, 1915.)

1. ELECTIONS ⬤295—CONTEST—BALLOTS—COUNTING—EVIDENCE.

Evidence in a proceeding to compel the counting of certain ballots for petitioner *held* to show that a certain ballot protested was counted for the petitioner.

[Ed. Note.—For other cases, see Elections, Cent. Dig. §§ 297–299; Dec. Dig. ⬤295.]

2. ELECTIONS ⬤305—BALLOTS—APPEAL—BRIEFS.

Although a notice of appeal in an election contest includes objections to a ballot, the fact that counsel, in his brief, fails to refer to it, prevents consideration of that ballot on appeal.

[Ed. Note.—For other cases, see Elections, Cent. Dig. §§ 317–332; Dec. Dig. ⬤305; Appeal and Error, Cent. Dig. § 142.]

3. ELECTIONS ⬤181—BALLOTS—METHOD OF VOTING—RIGHT NAME.

Under Election Law (Consol. Laws, c. 17) § 358, subd. 4, as amended by Laws 1913, c. 821, providing, "To vote for any candidate not on the ballot he shall write the candidate's name on a line left blank in the appropriate place," a ballot is void where a candidate's name is written in the blank space and also printed.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 156; Dec. Dig. ⬤181.]

4. ELECTIONS ⬤295—CONTESTS—BALLOTS—COUNTING—EVIDENCE.

Evidence in a proceeding to compel the counting of certain ballots for petitioner *held* to show that a ballot had not been counted for the intervener, and should have been added to his total on review.

[Ed. Note.—For other cases, see Elections, Cent. Dig. §§ 297–299; Dec. Dig. ⬤295.]

---

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

5. ELECTIONS ⊙⟶194—BALLOTS—VALIDITY—DISTINGUISHING MARKS.
   Under Election Law, § 358, providing, "Any mark other than a cross X mark or any erasure of any kind shall make the whole ballot void, but no ballot shall be declared void because of a cross X mark thereon is irregular in character," a ballot having a curved mark over one branch of the cross is void.
   [Ed. Note.—For other cases, see Elections, Cent. Dig. §§ 166, 167; Dec. Dig. ⊙⟶194.]

6. ELECTIONS ⊙⟶194—BALLOTS—EXTRA CROSSES—EFFECT.
   A ballot having crosses in front of the names of more than one candidate for the same office is to be *held* blank as to such office.
   [Ed. Note.—For other cases, see Elections, Cent. Dig. §§ 166, 167; Dec. Dig. ⊙⟶194.]

7. ELECTIONS ⊙⟶194—BALLOTS—EXTRA CROSSES—EFFECT.
   Excessive crosses in a voting space make the ballot void.
   [Ed. Note.—For other cases, see Elections, Cent. Dig. §§ 166, 167; Dec. Dig. ⊙⟶194.]

8. ELECTIONS ⊙⟶295—CONTESTS—BALLOTS—COUNTING—EVIDENCE.
   Evidence in a proceeding to compel the counting of certain ballots for petitioner *held* to show that a certain ballot marked "Void" had not been counted for the petitioner.
   [Ed. Note.—For other cases, see Elections, Cent. Dig. §§ 297–299; Dec. Dig. ⊙⟶295.]

9. ELECTIONS ⊙⟶247—BALLOTS—RETURN—GENERAL AND SPECIAL RETURN—EFFECT.
   Where there is a conflict between the general and special return as to counting of certain ballots, the special return governs.
   [Ed. Note.—For other cases, see Elections, Cent. Dig. § 223; Dec. Dig. ⊙⟶247.]

10. ELECTIONS ⊙⟶194—BALLOTS—EXTRA MARKS—EFFECT.
    Although at the end of the cross upon a ballot there is an extra mark, where it appears that it was made with the same stroke of the pencil, and was merely a flourish upon the ends of the cross, the ballot is nevertheless valid.
    [Ed. Note.—For other cases, see Elections, Cent. Dig. §§ 166, 167; Dec. Dig. ⊙⟶194.]

Appeal from Special Term, Kings County.

Application by Lathrop Brown for mandamus to compel the counting of certain ballots for him, in which Frederick C. Hicks intervened. From an order requiring the counting of certain ballots, petitioner and intervener separately appeal. Modified and affirmed.

Argued before JENKS, P. J., and CARR, MILLS, RICH, and PUTNAM, JJ.

Percy L. Housel, of Riverhead, for petitioner.
Leander B. Faber, of Jamaica, for intervener.

MILLS, J. These are appeals taken, one by the petitioner, Brown, and one by the intervener, Hicks, from a final order made at Kings County Special Term, September 30, 1915, in a proceeding brought under section 381 of the Election Law, to secure a recanvass of the "void and protested" ballots contained in the sealed envelopes and

⊙⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

cast at the general election of a Representative in Congress, held November 3, 1914, in the First congressional district of this state. The said envelopes were duly produced in court and opened, and the general ballots therein there marked, respectively, Exhibits 1, 2, etc.; and the court at Special Term, by said final order, passed upon said ballots so far as the same may affect the election of Representative in Congress in said district.

The petitioner, Brown, was the candidate of the Democratic party, and the intervener, Hicks, that of the Republican. The said Brown here appeals from so much of said order as passed upon ballots marked, respectively, as Exhibits 2, 7, 26, 28, 38, 39, and 48; and the said Hicks has appealed from so much thereof as passed upon ballots marked Exhibits 37, 39, and 40. It is therefore necessary that this court review the decision of the Special Term as to nine separate ballots, namely, Exhibits 2, 7, 26, 28, 37, 38, 39, 40, and 48.

[1] As to the ballot marked Exhibit 2, both parties here agree that the court at Special Term properly held it void; but the petitioner claims that the court there erred in deciding that the ballot had been counted by the inspectors for him and in directing that it be deducted from his count. He contends that there is no proof that the inspectors counted the ballot as a vote for him. The official statement of the canvass of that election district states, as to the office of Representative, as follows:

| | |
|---|---:|
| Ballots voted | 297 |
| Brown | 190 |
| Hicks | 68 |
| Post | 10 |
| Sinclair | 4 |
| Blank votes | 24 |
| Void | 1 |
| | 297 |

Also that the number of blank, void, and protested ballots was 25. From this return it would seem that all the votes not blank were counted for some one, save the 1 returned as void; also that there were 4 ballots "protested as marked for identification," all of which were counted for the several candidates named thereon, and that both those 4 ballots and the 1 held void and counted for no candidate were "in the sealed package returned herewith." The sealed package or envelope, however, proved to be marked as containing only 4 ballots marked "Protested as marked for identification," and upon being opened it was found to contain only 4 ballots, each 1 marked in blue pencil "Marked for Identification."

The counsel for the petitioner states, in his brief, that such marks were made by the justice at Special Term; whereas the counsel for the intervener, in his brief, says that they were not made by the justice, and as evidence thereof refers to the fact that they do not bear his initials, and that the record shows that when the envelope was opened the justice remarked:

"There are four ballots in the envelopes, indorsed, 'Marked for identification.'"

However the truth may be in regard to this disputed matter, it is plain that no one of the four ballots was marked void by the inspectors; and that the inspectors, upon the outside of the sealed envelope, filled in only the blank in the line designated "Protested as Marked for Identification," and not the blank in the line designated "Void Ballots." From these facts I think that the fair inference is that somehow or other the ballot, which they treated as void, was not placed by them in the sealed envelope. I conclude, therefore, that the learned justice at Special Term decided correctly that this ballot, Exhibit No. 2, had been counted for the petitioner, and in deciding that it must be deducted from the petitioner's total.

[2] As to the ballot marked Exhibit No. 7, which the Special Term held valid as a vote for the intervener, Hicks, and therefore added one vote to his count, although the petitioner's notice of appeal includes that ballot as one of those in reference to which he questions the decision at Special Term, I do not find that his counsel in his brief makes any contention that such decision was erroneous, and therefore I do not further consider that ballot.

[3] As to ballot Exhibit No. 38, next discussed in the brief of petitioner's counsel, it had the name of the petitioner written in the blank line, although his name was printed as a candidate for the same office, namely, Representative, upon the ballot. The court at Special Term held that the ballot so marked was void, at least as to the office of Representative. Petitioner's counsel claims here that the provisions of the former Election Law (Consol. Laws, c. 17), in subdivision 9 of section 368, expressly declaring void a ballot upon which the name of a person, printed upon the ballot, has been writen by the voter, is not expressly continued in the present law (Laws 1913, c. 821), in section 358. I think, however, that the effect of the present provision, viz., subdivision 4 of section 358, viz., "To vote for any candidate not on the ballot, he shall write the candidate's name on a line left blank in the appropriate place," has the same effect; that, in other words, the elector who so wrote relator's name in the blank line on ballot No. 38, did not vote for him in the authorized way—that is, as provided by subdivision 2 of said section 358. Hence I conclude that the court at Special Term properly disposed of said ballot, Exhibit No. 38.

[4] As to ballot Exhibit No. 26, the petitioner here contends that it should not by the final order have been added to the intervener's total, because "it is quite as probable that it has already been counted" (by the inspectors) "for him as that it has not"; while the counsel for the intervener seems to concede that it should not have been so added, as it had already been counted for the intervener, but he couples his concession with the claim that it should be held also that ballot Exhibit No. 28 was counted by the inspectors as a valid vote for the petitioner, and therefore he contends that such vote, the ballot having properly been held to be void, should at Special Term have been deducted from the petitioner's count. As this concession cannot well be accepted, except upon such condition, the petitioner's counsel cannot be regarded as having accepted it; and this court must pass upon his

contention that ballot 26 should not have been added to the intervener's total.

It appears that ballots Exhibits 26, 27, 28, and 29 were found in the same sealed envelope; that the inspectors' return from that election district shows that for the office of Representative there were:

Blank ballots..............................................35
Void ...................................................... 1
                                    —
Total, blank, void, and protested.............................36

The sealed envelope was indorsed merely, "Eight void ballots." It contained 4 constitutional convention delegate ballots and 4 general official ballots, each without any indorsement upon it by the inspectors. From the return it would appear that they held only 1 of the ballots void as to that office, but that they did hold 35 ballots blank as to the same. It is plain that ballot No. 26 was a valid vote for the intervener, as the Special Term held. Its only defect was that the voter marked his cross in the proper voting spaces in front of each of 5 candidates for the office of state treasurer, which, under section 358 of the present Election Law, made the ballot a blank vote for such office.

Exhibit No. 27 was an absolute blank for the office of Representative.

[5] Exhibit No. 28 had a semicircular mark put over the left part or side of the cross in the voting space in front of petitioner's name, and should be held void, as the Special Term decided. The counsel for the petitioner, however, claims that the court should have held that ballot valid within the provision of section 358, viz.:

"But no ballot shall be declared void because a cross X mark thereon is irregular in character."

I do not think that this contention is well made, as the semicircular mark seems to be imposed over the cross and not to be a part thereof. In this view of the matter, that ballot might properly have been regarded by the inspectors as wholly void under section 358, viz.:

"Any mark other than a cross X mark or any erasure of any kind shall make the whole ballot void."

[6] Ballot Exhibit No. 29 had a cross in the voting space in front of each of the 5 different candidates for the office of Representative, and therefore has to be held blank for that office, as ballot Exhibit No. 26 had to be held blank for the office of state treasurer. It seems to me, therefore, that of the 4 ballots found in the sealed envelope only 1 of them, viz., Exhibit No. 28, was properly to be held as a void ballot; that one of them, viz., Exhibit No. 26, was to be held valid as to the office of Representative; and the other two to be held blank as to the same.

I conclude, therefore, that the decision of the Special Term was correct in substance, although the verbal distinction between "void" and "blank" was not there made, and that the final order correctly added the vote upon ballot No. 26 to intervener's total, but made no change as to the other 3, as no one of them had been counted by the inspectors.

[7] As to ballot Exhibit No. 39 the court below held that it was

void on account of the third mark in the cross in one of the comptroller voting spaces; at least, both counsel, in their briefs, declare that such was the ground of the decision at Special Term. From my inspection of the ballot, it seems to me quite as likely that the voter, in making the heavy transverse line or smear, was attempting to erase the cross which he had at first made in front of Travis' name, and later made a cross in front of Sohmer's name. This seems likely from the fact that he voted otherwise the Democratic ticket. Such erasure, under section 358, would make the ballot equally void. If the ballot be not void by reason of such mark, it is a valid vote for the petitioner. The Special Term refused to count it for him, or to deduct it from his count, as that court held that it had been regarded by the inspectors as void. The petitioner here contends that the three marks contained in such voting space should be regarded as constituting merely an irregular cross, and so was saved by the provision of section 358 above quoted.

In the recent case of Matter of Garvin, 168 App. Div. 218, 222, 153 N. Y. Supp. 549, the First Department held that excessive crosses in a voting space make the ballot void, and it seems to me that that is just the situation here—that is, that there are two crosses in such Travis voting space, or at least that there is an attempted erasure of the cross made therein. Therefore I conclude that the decision holding ballot No. 39 void was correct.

[8] The court at Special Term refused to deduct it from the petitioner's total, holding that it had not been counted for him by the inspectors; and the intervener here contends that it should be so deducted, as having been so counted by the inspectors. The ballot was marked "void" in ink by the inspectors; and I think, therefore, that the presumption is that they so treated it and did not count it. The counsel for the intervener contends that, as the return shows only 2 void ballots for Representative, and the envelope, being indorsed "Five Void Ballots," contained 5 general ballots, viz., Exhibits 37, 38, 39, 40, and 41, all of which, except Exhibit No. 38, had, by the inspectors, been marked "Void," the inference should be that of the 4 so marked "Void" only 2 were so treated by the inspectors and not counted by them; that, as Exhibit No. 41 was an entire blank as to this office, only 2 of the other 3 could have been rejected and not counted by the inspectors; and that, therefore, 1 more should have been deducted from his count at Special Term, as, all 3 being apparently votes for him, are really invalid as such, namely: Exhibit No. 37 has one straight line in the comptroller's voting space and is therefore clearly void; Exhibit No. 39 has the two crosses in the same voting space, or the erased cross as above stated, and therefore is void; and Exhibit No. 40 has a cross in the Governor's named space, and is therefore clearly void. Hence the intervener contends that the inspectors must have counted at least 1 of the 4 ballots, namely, Exhibits 37, 39, 40, and 41, three of which, 37, 39, and 40 were void, No. 41 being blank, and therefore that 1 of the 3 should be deducted from petitioner's total, and that ballot No. 39 should be so deducted as presenting the only possible debatable question of validity. This argument

is ingenious, but does not convince my mind, though possibly it may be correct. Each of those 3 ballots was marked "Void" by the inspectors. They had in mind the term "Protested," and marked it upon ballot No. 38. I therefore think that they were sensible of the respective meaning of the two terms, "Void" and "Protested." The burden no doubt rests upon the intervener to satisfy the court that ballot No. 39 was actually counted for the petitioner by the inspectors. I do not think that we can hold that he has met that burden, although the matter is not entirely clear, and therefore I think that we should uphold the decision at Special Term in refusing to deduct ballot No. 39 from the petitioner's total.

[9] At the most, it is a case here where the general, the written, return, in giving 2 as the number of void ballots, was inconsistent with the indorsements upon the ballots themselves, which made 4 void, 1 of which plainly was merely blank. It seems to me that, if anything, the particular indorsement should prevail as a special return over the general return.

[10] As to ballot No. 48, which was held void below, the defect is that there appears at the upper end of the line of the cross, which tends to the right, a sort of a little curve, made apparently in closing that line, as though the pencil had flourished a bit, and also there is something similar, but not so marked, at the top of the other line of the cross. It seems to me that neither is a distinct line, but that each was made with the same impression of the pencil, and that, therefore, the entire thing should be considered simply as an irregular cross and a valid voting mark, and that the order appealed from should be modified accordingly, so as to give that vote to the petitioner. This ballot seems to me to present a far different case from that of either of the ballots, exhibits 28 and 39, above considered.

I advise, therefore, that the order appealed from be modified, so as to provide that the ballot marked Exhibit No. 48 was and is a valid ballot and vote for the petitioner, and therefore, by reason of such ballot, that one vote be added to the total number of votes heretofore counted for said petitioner, Brown, by the inspectors, and that, as so modified, said order be affirmed, without costs to either party. All concur.