JENKS, P. J., THOMAS, STAPLETON and RICH, JJ., concurred; MILLS, J., not voting.

Order affirmed, without costs, and stay vacated.

———————

THE PEOPLE OF THE STATE OF NEW YORK ex rel. LATHROP BROWN, Appellant, Respondent, *v.* THE BOARD OF SUPERVISORS OF SUFFOLK COUNTY and Others, Defendants.

FREDERICK C. HICKS, Intervenor, Respondent, Appellant.

Second Department, December 3, 1915.

Mandamus — effect of reversal of orders by Court of Appeals "in whole or in part" — elections — form of ballots — unidentified ballots not to be counted — voting mark before emblem — ballot returned blank and subsequently indorsed "wholly blank" containing vote for candidate —ballots on which original indorsements have not been made — improper mark in voting space — mark in space before name of candidate written in — erasures — vote for two persons for same office — accidental mark caused by heavy ink — writing name of candidate in space with printed name.

Orders, granting writs of mandamus in a proceeding to review an election, which have been affirmed by the Appellate Division and reversed "in whole or in part" by the Court of Appeals, and remitted to the

Supreme Court for action, remain unaffected in so far as they command acts lawful within the decision of the Court of Appeals.

Where a return shows twenty-four void ballots and the envelope six ballots, and there were eighteen ballots unaccounted for, and the package taken from the box of ballots by the inspectors contains twenty-nine ballots, of which nine are blank, and it cannot be determined which of the other twenty ballots are the missing eighteen void ballots, none of the ballots should be counted.

A ballot on which the voting cross has been placed in the space occupied by the emblem is void.

A ballot returned as "blank" and subsequently under a writ of mandamus indorsed as "wholly blank," but containing a valid ballot for one candidate should be counted for him.

Ballots on which there are no certain original indorsements cannot be deducted from the count, although they have been indorsed under an auxiliary writ of mandamus as void for one office and counted for all other offices.

Ballots on which no indorsement has been made, except under an auxiliary writ of mandamus, cannot be deducted, where it does not appear that there were marks or indorsements made on election night that would serve to identify them so that inspectors could subsequently indorse them.

Ballots which are void because of improper marks in the voting space should not be counted for another candidate.

A ballot on which the voter having written the name of his candidate in the proper place, has placed a cross in the space before the written name which had been "blacked out" because not required by the statute, is not invalid, as it is simply an attempt on the part of the voter to indicate his choice.

A ballot on which erasures have been made may be void.

A vote for two candidates for the same office renders the ballot void only as to such office.

Ballots not containing cross marks, but defective and incomplete marks that may serve for identification, are void.

A ballot containing a second cross near the name of a candidate which was not made by the voter, but caused by the heavy ink and incidental to the folding of the ballot, is not invalid.

A ballot on which the voter has written the name of his candidate for a certain office in the space underneath the printed name of a candidate instead of in the blank space provided for such purpose is void.

Where the inspectors of election made a return to a writ of mandamus that they could not identify certain alleged invalid ballots, a decision by the Special Term refusing to count the ballots will not be disturbed.

A ballot on which the proper cross mark has not been placed before the name of a candidate is void.

CROSS-APPEALS by the relator, Lathrop Brown, and the intervenor, Frederick C. Hicks, from a final order of the

**366** PEOPLE EX REL. BROWN *v.* BD. OF SUPRS., SUFFOLK CO.

Second Department, December, 1915. [Vol. 170.

Supreme Court, made at the Suffolk Special Term and entered in the office of the clerk of the county of Suffolk on the 17th day of November, 1915.

*Percy L. Housel* [*Bertram Gardiner* with him on the brief], for the relator.

*William D. Guthrie* [*Leander B. Faber* and *Joseph M. Belford* with him on the brief], for the intervenor.

PER CURIAM:

Under section 381 of the Election Law (Consol. Laws, chap. .17 [Laws of 1909, chap. 22], as amd. by Laws of 1913, chap. 821) this proceeding deals with the protested or wholly blank or void ballots of an election held in 1914 with respect to the vote for relator and intervenor, rival candidates for Representative in the Congress. The proceeding was begun in November, 1914. It was conducted at Special Term on November 19, November 24 and December 1, 1914, and on October 19 and 20, 1915. The relator and the intervenor both appeal from the final order of the court that directs the board of county canvassers of Suffolk county to proceed forthwith with the recount directed in accordance with said order. The record is long. The learned Special Term declined to pass on "findings" submitted by the relator embodying its conclusions; such conclusions must be sought both in many rulings and in the opinion of the court. The printed briefs of the respective counsel are not drawn so that the various contentions *pro* and *con* can readily be separated. This is not stated by way of criticism, for evidently the briefs were not exchanged, but simply to indicate the difficulty of marshaling the arguments. Indeed, the printed points have been of great assistance to the court. Many of the ballots when offered were held for further proof or consideration, and the final dispositions thereof were sometimes hard to seek.

During the proceedings the relator sued out many writs of mandamus to the boards of inspectors of election districts. These writs were executed save with one exception. The intervenor, however, appealed from the 46 orders granting these auxiliary writs of mandamus, but the orders were

affirmed by us with some modifications. (*People ex rel. Brown* v. *Freisch*, 168 App. Div. 370, 960, 963.) The intervenor appealed to the Court of Appeals. That court reversed the orders " in whole or in part," and remitted the cases to the Supreme Court for action in the proceedings in accord with the view expressed in the opinion. (*People ex rel. Brown* v. *Freisch*, 215 N. Y. 356, 374.) The present appeal was argued before us but a very few days ago. In view of the fact that each house is the judge of the election of its members; that this proceeding, therefore, but leads to the issue of a certificate of election; that the House of Representatives is about to meet; that there is a stay so far as these proceedings are concerned until our determination, and in recognition of our duty to make a speedy decision in any election controversy, we can but state our conclusions without much elaboration and without time for condensation.

Ballots 427, 436 and 439, tenth election district of the town of Huntington. In this district the relator obtained an auxiliary writ of mandamus to the inspectors. He alleged in his petition *inter alia* that the inspectors had omitted to inclose in the envelope for void, protested and wholly blank ballots 18 ballots containing votes adjudged as void; that the ballots adjudged and returned as void by the inspectors and not found in the envelope were replaced in the ballot box for valid ballots and were in that box tied up in a separate bundle marked " protested." As to this district the Court of Appeals held that the relator had sufficient foundation for the relief, and the order entered on the remittitur as framed by that court and then issued by the Special Term directed the issue of a writ to the inspectors to open the ballot boxes and to take therefrom a package of ballots tied in a separate bundle and marked protested, as alleged in the petition herein, if the same can be found therein, and to place them in the envelope of void, protested and wholly blank ballots. The relator did not procure a writ under that order. It appears, however, that in obedience to the said original auxiliary writ the inspectors had removed from the box a bundle of ballots indorsed 18 spoiled ballots, but that it contained 29 ballots, of which 9 were blank. It is insisted that the three said ballots, 427, 436 and

**368**    PEOPLE EX REL. BROWN *v.* BD. OF SUPRS., SUFFOLK CO.

Second Department, December, 1915.        [Vol. 170.

439, should be added to the vote of the relator Brown. The learned Special Term was of opinion that the decision of the Court of Appeals "nullified and wiped out" all that was done under the original auxiliary writs. We are of different opinion. We think that if the Court of Appeals had concluded that the orders were entirely wrong or legally ineffective, such conclusion would have been expressed in an absolute reversal. But that court reversed the orders "in whole or in part" only, and remitted the matters to the Supreme Court for action in the proceedings in accord with the views expressed in the opinion. Such disposition, together with the fact that it declared a rule for the proceedings then pending, indicates that the court did not intend to "nullify or wipe out" the original orders. Our interpretation of the decision is that it in effect affirmed the orders under review so far as they commanded the doing of these things which that court held might lawfully be commanded, and that, therefore, there remained unaffected any writs of mandamus in so far as they commanded acts lawful within the decision of the Court of Appeals. The necessary consequence would be that all such acts heretofore done under such auxiliary writs remained in full force and effect. But the return in this instance shows 24 void ballots and the envelope 6 ballots; there were 18 ballots unaccounted for. And the bundle or package taken from the box of ballots by the inspectors contains 29 ballots, of which 9 are blank. How can it be determined which of the other 20 ballots are the missing 18 void ballots? When identification fails, speculation steps in. We think that the said ballots could not be considered in this proceeding — and thus reach the same result as that reached by the Special Term. The disposition of the Special Term is, therefore, approved, and the contention that these ballots should be added to the vote of the appellant Brown should not prevail.

Ballot 461, election district 4 of Easthampton. The voter, in attempting to vote for a candidate for Governor, marked the voting cross in the space occupied by the emblem, instead of the blank space designed for the cross. We think, therefore, that this ballot should have been deducted from the vote for the intervenor Hicks (*People ex rel. Wells* v. *Collin*, 19

App. Div. 457, 463; affd., *sub nom. People ex rel. Wells* v. *Common Council*, 154 N. Y. 750), in accord with the contention of the relator.

Ballot 444, election district 5, Easthampton.   The package of void, protested and wholly blank ballots that contained this ballot contained 7 ballots, Nos. 444–450 inclusive.   On ballot 445 was indorsed in indelible pencil writing "Blank ballots [and apparently in ink] 7."   This writing was upon the ballots when, under the original auxiliary writ, they were taken from the ballot box.   Under the command of that writ they were indorsed "wholly blank," signed by the chairman of the inspectors.   This ballot is wholly blank save that there is a valid vote for the relator Brown.   Thus a ballot returned as "blank" and subsequently indorsed as wholly blank was not blank so far as the said relator is concerned, and we think that it should be counted for him and added to his vote.

Ballots 465, 466 and 467, fifth election district of Babylon. The exhibit indorsed "void ballots" contained 4 ballots, 465, 466, 467 and 468.   The indorsements on 465 "Void for Gov. counted for all other officers," on 466 "Void for State Treas., counted for all other officers," on 467 "Void for Lieutenant-Governor, counted for other officers" and on 468 "Void for Governor and Lieutenant-Governor, counted for other officers," appear to have been made under the commands of an auxiliary writ of mandamus.   It does not appear that there were any certain original indorsements upon these ballots.   There is a penciled note, "Voted ballots," which is not explained.   We think that within the rule of the Court of Appeals these ballots cannot be considered for deduction from the vote of the intervenor Hicks, that the Special Term received them rightfully, and that the contention of the relator that these votes should be deducted from the vote of the intervenor Hicks should not prevail.

Ballots 473 and 475, election district 7, Babylon.   These ballots bear no indorsement save those made under an auxiliary writ.   We think that these ballots could not be considered for deduction from the vote of the intervenor Hicks because it does not appear that there were any marks or

indorsements on such ballots made on election night that would serve to identify them so that the inspectors could thus subsequently indorse them. (See *People ex rel. Brown* v. *Freisch, supra,* 370.) The contention of the relator that these votes should be deducted from the vote of the intervenor Hicks should not prevail.

Ballots 482, 483, election district 1, Smithtown. These exhibits were not submitted to us, at least we have been unable to find them any where in the mass of ballots brought into our court. Upon the record we think, for reasons similar to those stated as to ballots 473 and 475, that the ballots could not be considered for deduction from the vote of the intervenor Hicks. The contention of the relator that they should be deducted from the vote of the intervenor Hicks should not prevail. We make similar disposition, for like reason, of ballot 487, election district 14 of Islip; ballots 493, 494, 500, 501, 504, election district 2 of Riverhead; and of ballot 507 of election district 4 of Riverhead, and the contention of the relator that they should be deducted from the vote of the intervenor Hicks should not prevail.

Ballots 151 and 153, election district 4 of Islip. This district is within those excepted by the Court of Appeals in consideration of the petitions for auxiliary writs. (See 215 N. Y. 370.) The inspectors, obeying the original auxiliary writ of mandamus, returned that they had taken the ballots (marked exhibits) 151, 152 and 153, and had indorsed thereon a memorandum of their ruling on the same as made. This, it seems to us, would have been a substantial compliance to the command of the amended order under the auxiliary writ. Examination of 151 and 153 shows that there is an improper mark in the space before the name of a candidate for Governor, and 153 contains also an improper mark in the space before the name of a candidate for Lieutenant-Governor. The first indorsement, in lead pencil, which includes these two ballots, was in these words: " These three ballots protested for office of Governor," and then subsequent indorsements pursuant to the auxiliary writ are " Protested and votes not counted for office of Governor and blank for Member of Assembly and Coroner of Fisher's Island. Votes counted for all the other offices on

ticket," on 151, and " Protested and votes not counted for Governor, Lieutenant Governor and State Treasurer. Counted for all other offices on the ticket," on 153, respectively. The third ballot is not in controversy, but we note that it was blank in all respects with the exception of an unavailing mark not opposite the name of any candidate. As the ballots contain votes for the intervenor Hicks, we think that the court erred in refusing a deduction of these two votes from the vote for the said intervenor, and that such deduction should be made in accord with the contention of the relator.

Ballot 79, election district 13, Huntington. In the appropriate blank space the voter wrote the name of his choice for Senator. The ballot contained a perpendicular row of spaces designed for the cross mark of the voter who intended to vote for any candidate whose name was printed upon the ballot. The particular space before the blank space thus used by this voter had been blacked out, inasmuch as it was not required, for the statute does not contemplate that in addition to the writing in of the name, the choice of the voter thus writing should be indicated by a cross mark. (See Attorney-General's Report, 1907, p. 556. See, also, Election Law [Consol. Laws, chap. 17; Laws of 1909, chap. 22], § 331, added by Laws of 1913, chap. 821, as amd. by Laws of 1914, chaps. 87, 244; Id. § 358, subd. 4, as amd. by Laws of 1913, chap. 821.) Nevertheless, this voter apparently made a cross mark in the blackened square. We think that this is simply an attempt on the part of the voter to indicate his choice. He may well have thought that the space was there for marking and that the blackening thereof was due to careless or defective printing of the ballot. We think that it was error to hold the ballot void, and that it should be counted for the relator Brown. (See *Matter of Garvin,* 168 App. Div. 218.) Therefore, this vote should be added to the vote for the relator Brown, in accord with his contention.

Ballot 47, district 8, Huntington. We think that there are erasures within the inhibition of the statute (§ 358, as amd. by Laws of 1913, chap. 821) and notably in the column of the votes for Governor, and that the court erred in not holding the ballot void, so that it should be deducted from the vote

Second Department, December, 1915. [Vol. 170.

of the intervenor Hicks, in accord with the contention of the relator.

Ballot 49, same district. The vote for two persons for Governor renders the ballot blank for that office, but it does not affect the vote thereon for the intervenor Hicks; otherwise the ballot is unobjectionable and the court was right in holding it valid, and the contention of the relator that it should be deducted from the intervenor Hicks'.vote should not prevail.

Ballot 195, district 2, Southold. This ballot was vitiated by an erasure opposite the name of Charles S. Whitman. The court refused properly to have it counted for the relator Brown — and, therefore, the contention of the relator that it should be added to the vote of the relator should not prevail.

Ballot 122, district 3, Babylon. This ballot was void for the reason that some of the marks in the spaces opposite the names of the candidates are not the cross marks contemplated by the statute (§ 358, as amd. by Laws of 1913, chap. 821), but are defective and incomplete marks that might well serve for identification. (See *Matter of Garvin*, 168 App. Div. 218.) Therefore, the contention of the relator that it should be added to the relator Brown's count should not prevail.

Ballot 150, district 2, Islip. We agree with the Special Term that this a valid ballot for the reason that the second cross thereon that appears near the name of the Progressive candidate for State Engineer was accidental, not a mark made by the voter but caused by the heavy ink, incidental to the folding of the ballot, as determined by the Special Term. The court was right in counting the ballot for the intervenor Hicks, and the contention of the relator that this should not have been added to the intervenor Hicks' vote should not prevail.

Ballot 159, district 8, Islip. We think that the Special Term was right in holding the ballot valid in face of the objection that it contained erasures before the printed names of candidates for coroner and Member of Assembly, and, therefore, that the contention of the relator that this should not be added to the intervenor Hicks' vote, because the ballot was void, should not prevail.

Ballot 40, district 6, Huntington. As we understand the

record, the Special Term held the ballot valid. The voter wrote the name of his candidate for Governor (which was not one of the printed names) in the space devoted to the name of a printed candidate, and underneath that printed name. The proper place was a blank space below the space thus written in, and separated from it by a printed horizontal line. Thus the voter did not write the name within the proper place as designated by the statute (§§ 331, 358, subd. 4, as amd. *supra*). We think that the ballot was void, and, therefore, that it was properly returned as such and should not be added to the vote of the intervenor Hicks, and the contention of the relator that it was not a valid vote and should not have been added to the intervenor Hicks' vote (43) is well made.

Ballots 27 and 31, election district 6, Huntington. This district was also within the exceptions noted by the Court of Appeals. (215 N. Y. 370.) A new auxiliary writ of mandamus was issued, and the inspectors returned thereto that they had opened the envelope of void and protested ballots and made search therein for the ballots containing votes adjudged to be void by them, and for the ballots spoiled and returned by voters and canceled before delivery to voters, and that they were unable to indorse any of said ballots "with our rulings and cannot remember our rulings on any of said ballots." Ballots 27 and 31 bear no indorsements. The ballots themselves seem to be regular. The Special Term in its opinion says they were undoubtedly valid ballots so far as the markings upon them are concerned, but whether they should be added to the intervenor Hicks' count depended on whether they were voted and held by the inspectors to be void or not, and if they were not voted, but were either spoiled or canceled ballots, then the said intervenor Hicks was not entitled to have them added to his count. The Special Term stated that the evidence does not satisfy it that the ballots were voted, and, therefore, refused to add these ballots to the vote for the intervenor Hicks. We think that this conclusion should not be disturbed, and the contention of the relator that they were properly rejected is well made.

Ballot 178, district 14, town of Brookhaven. We think that a sufficient reason for affirming the decision of the Special Term is that we cannot say that ballot 178 did not belong to a

series of spoiled ballots returned by the voter.    The contention of the relator that the vote was rejected properly when offered in addition to the intervenor Hicks' vote is sound.

Ballot 224, district 6, Southampton.    The question presented is whether this was a spoiled ballot returned by the voter. Under the auxiliary writ of mandamus the inspectors returned that they were unable (one inspector to the contrary, who identifies 224) to identify the spoiled ballots.    No writ was taken out under the order as settled by the Court of Appeals. The Special Term heard much testimony upon this subject and finally decided that this ballot should not be added to the vote of the intervenor Hicks.    We think that this conclusion should not be disturbed, and that the contention of the relator that the ballot was rejected properly by the court when offered for addition to the intervenor Hicks' vote is sound.

Ballot 46, district 8, Huntington.    We think that this ballot was void under the authority of *Matter of Garvin* (168 App. Div. 218), in that the mark in the space before the Social Labor candidate for Attorney-General is not the cross contemplated by the statute (§ 358, as amd. by Laws of 1913, chap. 821), and that the court erred in refusing to hold it void and in refusing to deduct this ballot from the vote of the relator Brown.

As to ballots 48 and 50 in said district, we agree with the disposition of the Special Term.

Ballot 98, district 2, Smithtown.    We think that the mark before the name of a candidate for Senator is substantial compliance with the requirement of a cross, that the Special Term was right in holding the ballot valid, and that the contention of the intervenor that the ballot should have been held void and deducted from the relator Brown's vote, is not sound.

Ballot 161, eighth district, Islip.    The mark before the name of a candidate for county treasurer is not a departure from the requirement of the cross.    The Special Term was right in holding that the ballot was valid.

Ballot 113 (116 ?), district 2, Babylon.    This is invalid for an erasure before the name of a candidate for district attorney. Ballot 113 is invalid for a mark and erasure before the name of a candidate for Lieutenant-Governor.    As we understand it the Special Term so decided, upholding the inspectors.    The

vote should not be affected in any way by either of these ballots.

The order should be modified in accord with this opinion, and as so modified it is affirmed, without costs, and the stay is vacated.

JENKS, P. J., THOMAS, STAPLETON and RICH, JJ., concurred; MILLS, J., not voting.

Order modified in accord with opinion, and as modified affirmed, without costs, and stay vacated.