THE PEOPLE OF THE STATE OF NEW YORK ex rel. LATHROP BROWN, Appellant and Respondent, *v.* THE BOARD OF SUPERVISORS OF SUFFOLK COUNTY et al., Defendants.

FREDERICK C. HICKS, Intervenor, Respondent and Appellant.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. LATHROP BROWN, Appellant and Respondent, *v.* THE BOARD OF SUPERVISORS OF NASSAU COUNTY et al., Defendants.

FREDERICK C. HICKS, Intervenor, Respondent and Appellant.

In the Matter of the Application of LATHROP BROWN, Appellant, for a Writ of Mandamus against THE BOARD OF COUNTY CANVASSERS OF THE COUNTY OF QUEENS, Defendant.

FREDERICK C. HICKS, Intervenor, Respondent.

**Elections — when state courts have jurisdiction to pass upon validity of election of member of Congress.**

Although Congress is the final judge of the qualifications of its own members, until a certificate of election has been transmitted and acted upon, the courts of this state are open to a candidate who complains that the certificate is about to issue in violation of the law.

*People ex rel. Brown* v. *Board of Suprs., Suffolk Co.*, 170 App. Div. 364, modified.

*People ex rel. Brown* v. *Board of Suprs., Nassau Co.*, 170 App. Div. 358, modified.

*Matter of Brown* v. *Board County Canvassers, Queens Co.*, 170 App. Div. 476, modified.

(Argued December 13, 1915; decided December 17, 1915.)

CROSS-APPEALS in the first above-entitled proceeding from an order of the Appellate Division of the Supreme Court in the second judicial department, entered December 3, 1915, which modified and affirmed as modified an order of Special Term, in proceedings under section 381

of the Election Law, directing that certain ballots be added and certain ballots deducted from the total vote of the relator and the intervenor for the office of representative in Congress for the first congressional district.

Cross-appeals in the second above-entitled proceeding from an order of the Appellate Division of the Supreme Court in the second judicial department, entered December 3, 1915, which affirmed an order of Special Term, in proceedings under section 381 of the Election Law, directing that certain ballots be added and certain ballots deducted from the total vote of the relator and the intervenor for the office of representative in Congress for the first congressional district.

Appeal in the third above-entitled proceeding by the relator from an order of the Appellate Division of the Supreme Court in the second judicial department, entered November 19, 1915, which modified and affirmed as modified an order of Special Term, made after review under section 381 of the Election Law of void, protested and blank ballots cast for the office of representative in Congress for the first congressional district.

*Percy L. Housel* and *Bertram Gardner* for relator, appellant and respondent.

*William D. Guthrie, Leander B. Faber* and *Joseph M. Belford* for intervenor, respondent and appellant.

*Per Curiam.* We think it is our duty to entertain jurisdiction of these appeals. It is true that Congress is the final judge of the qualifications of its own members, and that Congress has now convened. But it remains our duty to require the public officers of the state to comply with the state's laws (*People ex rel. Sherwood* v. *State Board of Canvassers,* 129 N. Y. 360, 372). No certificate of election has yet been issued to either candidate; no return has been transmitted by the secretary of state to the House of Representatives; and neither candidate

has yet been accepted or sworn in as a member. The certificate of election will establish a *prima facie* right, and should register the true result. If it had already been issued, and the representative sworn in as a member, there would arise a different situation, involving different questions, on which we do not attempt to pass. But until the certificate has been transmitted and acted upon, if not thereafter, the courts of the state are open to the candidate who complains that the certificate is about to issue in violation of the law.

We pass, therefore, to a consideration of the merits.

In the Suffolk county case we think that the Appellate Division erred in its rulings as to ballots Nos. 161, 79, 151, 153, 178, 193, 444, 461, and that the objections of the intervenor Hicks, in so far as they relate to those ballots, should be sustained. The result is to increase his plurality by eight votes. In all other respects the order of the Appellate Division should be affirmed.

In the Nassau county case we think that the Appellate Division erred in its rulings as to ballots Nos. 318, 367 and 250, and that the relator's objections as to Nos. 318 and 367, and the intervenor's objections as to No. 250, should be sustained. The result is to give the relator two additional votes, and the intervenor one additional voto. In all other respects the order of the Appellate Division should be affirmed.

In the Queens county case we are unable to pass upon ballots Nos. 28, 39 and 48 for the reason that none of the Queens county ballots have been filed with us. Even if the questions in respect of these ballots were answered in favor of the relator, the result would not be changed. We have considered the other objections to the order of the Appellate Division and find them to be untenable.

The orders should be modified in accordance with this opinion, and as so modified affirmed, without costs.

WILLARD BARTLETT, Ch. J., CHASE, COLLIN, CUDDEBACK, HOGAN, CARDOZO and POUND, JJ., concur.

Ordered accordingly.