Matter of the Application of CHARLES L. BROOKS to Review the Action of the Inspectors of Primary Election of the Town of Edinburgh, in the County of Saratoga, N. Y., at the Republican Primary Election of September 19, 1917, and for Other Relief.*

(Supreme Court, Saratoga Special Term, September, 1917.)

*Election Law — section 56 — action of inspectors of election in counting as valid certain marked ballots — ballots so marked held invalid by Court of Appeals.*

APPLICATION under section 56 of the Election Law to review the action of the inspectors of election of the town of Edinburgh, Saratoga county.

Butler, Kilmer & Corbin and Lawrence B. McKelvey, for petitioner.

Benjamin P. Wheat, Hiram C. Todd and Nash Rockwood, for respondent.

WHITMYER, J. Petitioner is applying, under section 56 of the Election Law, to review the action of the inspectors of election of the town of Edinburgh, Saratoga county, N. Y., in counting twenty-one ballots as valid for W. E. Snow for member of the Republican county committee from said town. Each of said ballots shows Snow's name in the blank space under the title of said office or position and also shows a cross mark in the darkened square to the left of the name. His name was not printed upon the ballot. The Court of Appeals, in the case of *People ex rel. Brown* v. *Board of Supervisors, Suffolk County,* 216 N. Y. 732, reversing the decision of the Appellate Division, second

---

*Affirmed by the Appellate Division, Fourth Department, at the September, 1917, term.—[REPR.

department, reported in 170 App. Div. 364, 367, has decided that ballots so marked are invalid. Respondent claims that the decision there is not applicable here, because it arose out of a general election, and that this case is controlled by *Matter of Garvin,* 168 App. Div. 218, 222, which arose out of a primary. The *Brown* case does not refer to the *Garvin* case. Section 358 of the Election Law relates to general elections. It provides, in effect, that a voter, to vote for any candidate not on the ballot, " shall " write the candidate's name on a line left blank in the appropriate place. Sections 82 and 86 relate to primaries. Section 82 provides that it shall not be lawful to make any mark on a ballot other than a cross X mark for the purpose of voting and only in the voting space to the left of the name of the candidate, except that the voter " may " write with a pencil having black lead in the blank space under the title of the proper office or party position the name of any person or persons for whom he desires to vote, whose name or names are not printed upon the ballot. And section 86 defines a void ballot and states that it is one, among others, upon which anything is written other than the name or names of any person or persons not printed upon the ballot for whom the voter desires to vote, which " must " be written in the blank space under the title of the proper office or party position with a pencil having black lead. Section 358 uses the word " shall," section 82 the word " may " and section 86 the word " must." But sections 82 and 86 must be construed together, in determining the meaning of the law, so far as it relates to primaries, and, when they are, it is clear that the language is as strong in the one case as it is in the other. And the law does not, in terms, permit a mark in the square, in addition to writing in the name, in either case. Moreover, the directions for voting at primaries and elections are substantially the same and there can be no reason for a distinction. Finally, it

should be observed that the ballots in dispute relate to the office of county committeeman and that the primary is the place for the election, not the nomination, of such an officer. For these reasons, hastily stated, it seems to me that the decision of the Court of Appeals in the *Brown* case is controlling here. A request for another primary election in this district for county committeeman has been made. That can be directed only in the case of fraud. The result here was due to lack of knowledge of the law or to mistake. That being so, I have no power to grant the request. It seems to me that the petition must be granted.

Ordered accordingly.