In the Matter of the Application of EDWARD A. O'BRIEN, Respondent, to Review the Action of FRANK HORTON BROWN and Others, as Inspectors of the Primary Election of Second Assembly District, City of White Plains, etc. FRANK E. CLARKE, Appellant.

Second Department, December 21, 1917.

**Elections — validity of ballots — distinguishing marks.**

Upon examination of ballots for a candidate for member of a Republican county committee, whose name was not printed thereon, *held,* that a ballot containing the words "O'Brien the Taxi man" is void for its distinguishing mark;

That ballots with the name written "under the title of the proper office or party position" are valid, even though written below the fine horizontal line;

That a ballot with the words "for county committee" written after the name is void;

That certain ballots not bearing the candidate's correct name were invalid;

That a superfluous cross before the name of the candidate rendered ballots void.

APPEAL by Frank E. Clarke from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 13th day of November, 1917, declaring erroneous the count of a majority of the primary votes of the Republican party for appellant as a member of the county committee, and adjudging that Edward A. O'Brien received at said primary election fifty votes as against appellant's vote of forty-six and directing the custodian of such primary records forthwith to certify to the election of said O'Brien as member of the county Republican committee.

*Frank E. Clarke,* appellant, in person.

*John Ambrose Goodwin,* for the respondent.

PER CURIAM:

On examination of the ballots in dispute, we reach these conclusions: We think ballot No. 5, "O'Brien the Taxi

man," was void for its distinguishing mark. Ballots 6, 7 and 8 should be counted, even if the written name was below the fine horizontal line, as the name was "under the title of the proper office or party position." (Election Law [Consol. Laws, chap. 17; Laws of 1909, chap. 22], § 82, added by Laws of 1911, chap. 891, as amd. by Laws of 1916, chap. 537.) Ballot 10, however, is invalid, for the words written, "for county committee." The inspectors properly rejected ballots 11, 12 and 13, as not bearing the relator's name. Ballots 9 and 14–38, inclusive, have a superfluous cross before relator's name written in. This is illegal. (*People ex rel. Brown* v. *Board of Supervisors, Suffolk County,* 170 App. Div. 364, 371; revd. on this point, 216 N. Y. 732, 734.)

The vote for relator, as corrected, is thus computed:

| | | |
|---|---:|---:|
| O'Brien's total vote, by order of Special Term | | 50 |
| Invalid ballots 5, 10, 11, 12 and 13 | 5 | |
| Invalid ballots 9 and 14–38, inclusive | 26 | |
| | | 31 |
| Leaving as relator's corrected vote | | 19 |

Accordingly, Frank E. Clarke, having forty-six votes out of the sixty-five valid votes cast, received a majority vote for member of the Republican county committee of Westchester county. The custodians of primary records of Westchester county, being the commissioners of election in said county, should so certify.

The order of the Special Term should be modified, without costs, so as to declare that appellant Clarke received a majority vote, being forty-six votes out of sixty-five valid votes cast, and that his election should be so certified.

JENKS, P. J., THOMAS, MILLS, RICH and PUTNAM, JJ., concurred.

Order of the Special Term modified, without costs, so as to declare that appellant Clarke received a majority vote, being forty-six votes out of sixty-five valid votes cast, and that his election should be so certified.