In the Matter of the Application of GLENN WINCHESTER for the Examination of the Ballots Cast for the Office of President of the Village of Bemus Point.

Supreme Court, Chautauqua Special Term, May 12, 1924.

**Elections — marks invalidating ballot — voter must mark ballot to show his intent as required by Election Law, § 219.**

In marking a ballot a voter must show his intent as required by section 219 of the Election Law or the ballot cannot be counted.

Ballots in a village election voted " straight " are invalid where the pencil mark extends beyond the circle.

A ballot having a trustee's name written in the wrong place and the printed name stricken out and a ballot voted " straight " but having cross marks also placed in the blank spaces intended for other candidates' names are void because they contain marks other than those authorized by rule 1 of section 219 of the Election Law.

A ballot marked both within the circle as a " straight " ballot and within the voting squares before the individual names is valid, for the individual voting marks are to be treated as surplusage under rule 7 of section 219 of the Election Law.

Ballots having the name written in the proper place but the printed name of the other candidates stricken out are void, for the crossing out of the name is in violation of rule 1 of section 219 of the Election Law.

Ballots on which the name of the candidate was crossed out and the name of another candidate written in the same space and not in the space provided for names of candidates not printed upon the ballot are invalid, for rule 3 of section 219 of the Election Law requires the name to be written " in the proper space provided therefor."

Ballots having the candidate's name written in the proper place but the cross mark placed before it in each case evidence the intent of the voter but are invalid, for the statute does not contemplate the use of the cross mark where the name has been written in.

APPLICATION for the examination of the ballots cast in an election for the office of president of the village of Bemus Point.

Supreme Court, May, 1924.          [Vol. 123

*Warren S. Rexford,* for the Village Board.

*Garfield & Chant (F. Raymond Chant,* of counsel), for the petitioner.

HORTON, J.   In the village election held recently at Bemus Point an equal number of unquestioned ballots was cast for each of the two candidates for president.   In addition, there are seventeen ballots as to which questions have been raised as to their validity. Upon ten of these a desire to vote for R. A. Scofield was indicated by the writing in of that name, and upon seven a preference for Glenn Winchester was more or less clearly indicated.   The court would prefer to decide this case in accordance with the apparent intent of the voters, but, as stated in *People ex rel. Damon* v. *Fessenden,* 31 App. Div. 371, the voter must show his intent as required by the statute or his ballot cannot be counted.   This requires a determination as to the validity of the questioned ballots.

Four of these are voted " straight " for the Citizens' party, but the pencil mark extends beyond the circle.   Conflicting decisions have been rendered upon this point.   *Matter of Houligan,* 55 Misc. Rep. 5, holds such ballots void, while *Matter of Hearst,* 48 id. 453, declares them valid.   The former decision, however, was under a statute more stringent than the present Election Law (Laws of 1922, chap. 588), for it required that the marks should be " *only within the circle.*"   The tendency of the courts and of the legislature is obviously toward a rule which will not invalidate a ballot simply because the elector is infirm, of poor eyesight or untrained in the use of a pencil.   *Matter of Fallon,* 197 N. Y. 336.   These four ballots are to be considered valid and should be counted for Winchester.

The fifth ballot under consideration has a trustee's name written in the wrong space and the printed name stricken out.   This is void because it contains marks other than those authorized by rule 1 of section 219 of the Election Law.   If these marks were confined to the voting square, they would affect the vote for trustee only, but as they are not " made in a voting square " the whole ballot is void.

The sixth ballot is marked both within the circle as a " straight " ballot and within the voting squares before the individual names. Under rule 7, section 219 of the Election Law, the individual voting marks are to be treated as surplusage and the ballot is valid.

The seventh ballot is voted " straight," but cross marks are also placed in the blank spaces intended for other candidates' names. This ballot is void for the same reason as the fifth above referred to.

Three ballots have Scofield's name written in the proper place, but the printed name of the other candidate (Winchester) stricken out.   The crossing out of this name was clearly in violation of rule 1 of section 219, and the ballots are void.

In three other ballots the name Winchester was crossed out and the name of Scofield written in the same space, and not in the space provided for names of candidates not printed upon the ballot. Rule 3, section 219, requires the name to be written " in the proper space provided therefor," and to write it elsewhere is a failure to express the voter's intent in the manner provided by the statute. No excuse can be found for a voter's deliberately ignoring a space provided for his use, and any other ruling would open wide a door for the identification of ballots. These ballots must also be held to be void.

Four other ballots have Scofield's name written in the proper place, but a cross mark placed before it in each case. The intent of the voter is clear, but the statute does not contemplate the use of the cross mark where the name has been written in. *People ex rel. Colne* v. *Smith*, 188 App. Div. 834; Opinions, Attorney-General (1916), 378; Opinions, Attorney-General (1907), 556.

The court might be inclined to give effect to the voter's intent, and ignore the cross marks as surplusage were it not for the clear decision of the Court of Appeals in *People ex rel. Brown* v. *Suffolk County*, 216 N. Y. 732, 734, which reversed the Appellate Division, second department, upon that very point and holds such ballots invalid.

It follows that of the seventeen ballots considered, five should be counted for Winchester and none for Scofield, with a resulting plurality for Winchester, and he should be declared elected.

An order may be entered accordingly.

Ordered accordingly.