THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN SIMONS, Appellant, *v.* EARL KNICKERBOCKER, Respondent.*

Second Department, January 15, 1929.

*George C. Inman* [*Albert Ottinger, Attorney-General,* with him on the brief], for the appellant.

*John E. Mack* [*John J. Moy* with him on the brief], for the respondent.

* Affd., 250 N. Y. 594.

SCUDDER, J.   It appears that at the general election held November 8, 1927, in and for the township of Ancram, Columbia county, vacancies were to be filled in town offices, including the office of supervisor.   No party nominations were made for town officers. The electors were furnished by the election authorities with ballots for voting.   These ballots contained the names of candidates for offices other than for town offices.   They also contained party emblems and voting spaces for the cross alongside the emblems, and to the right of these voting spaces blank lines for the writing in of the names of the candidates of the electors' choice.   Earl Knickerbocker, the defendant, respondent, was declared elected supervisor by a majority of two votes over the relator, appellant, John Simons.   There are three ballots, the validity of which is in dispute; all three were counted for the respondent, who presently is in office as supervisor, from which office this proceeding seeks to remove him.

The name of Earl Knickerbocker, the respondent, was written in by the voter of each of the three disputed ballots, and in addition, in the open square provided for the cross mark between the party emblem and the blank line for writing in the candidate's name, the voter made a cross mark.

It is here contended that because the voter placed this cross mark in the blank voting square provided on the ballot by the election officials in front of the written-in name, the disputed ballots are void, citing *People ex rel. Brown* v. *Board of Supervisors* (216 N. Y. 732, revg. 170 App. Div. 364).   It seems to me that case is distinguishable.   There, a cross mark made on a " blacked out " space was held to void the ballot.   The " blacking out " of the space surely was not an invitation to the voter to use it for his cross mark.   How different the case at bar.   Here, the election officials provided the ballots with the usual voting space in front of the blank line for the writing in of names, just as they provided for such a voting space where candidates' names were printed upon the ballot.

Appellant also cites *Matter of O'Brien* (180 App. Div. 853, 854). In that case no blank voting space had been provided on the ballot, but the voter made a cross mark ahead of the name he had written in.   It was held that this cross mark was superfluous.   Here also there was no invitation to the voter on the part of the election officials to make the superfluous cross mark; the fault lay with the voter alone.   I note that *People ex rel. Brown* v. *Board of Supervisors* (*supra*) expressly does not overrule *Matter of Garvin* (168 App. Div. 218), where the court said (at p. 222): " Finally there is a ballot for Garvin upon which under the title of Governor

is written 'Sulzer' with a cross mark in the voting space. This was declared void and improperly so. The voter had the right to write in the name of a candidate not printed on the ballot and to vote for him by making a cross in the voting space." In the case at bar the first fault was with the election officials. By the form of ballot provided by them they misled the voter and invited him to make the cross complained of. The intent of the voter is clear. His honest effort to perform a high duty should not be defeated by a misleading mistake of officials upon whose guidance he had a right to depend.

The judgment appealed from should be affirmed, with costs.

HAGARTY and SEEGER, JJ., concur; KAPPER, J., dissents and reads for reversal, with whom LAZANSKY, P. J., concurs.

KAPPER, J. (dissenting). I dissent. At the general election held November 8, 1927, amongst the vacancies in office to be filled was that of supervisor of the town of Ancram, Columbia county, to which the respondent, Earl Knickerbocker, was declared elected by a majority of two votes over the relator, John Simons. Three ballots are in dispute, the appellant contending that they were void, but having been counted for the respondent, the latter is in the office from which the present quo warranto action seeks to oust him.

The voters were given, by the requisite election authorities, certain ballots for voting, of which but three, the ones in dispute, are in the record. These ballots contained printed names of candidates for the offices of associate judge of the Court of Appeals, member of Assembly, county treasurer, county clerk, superintendent of county poor, and coroner. There were also to be elected a supervisor, a town clerk, a justice of the peace, two assessors, town superintendent of highways, collector, overseer of poor, constables and school director, for all of which offices, apparently, no party nominations were made, but the ballots for this last mentioned group of offices, besides the titles of the offices to be filled, contained party emblems with voting spaces to the right of such emblems, and to the right of the voting spaces there were blank lines for the writing in of the names of the choice of the voters. On these three ballots the name of Earl Knickerbocker, the respondent, was written in, the voters, in addition to so writing, making a cross mark in the voting space between the emblem and the name so written in. The facts are not in dispute. The question whether a ballot is valid or void is one of law. (*People ex rel. Colne* v. *Smith*, 188 App. Div. 834, 840.)

The Election Law (§ 219) provides that " The whole ballot is

void if the voter * * * makes any mark thereon other than a cross × mark in a voting square or circle, or other than the writing in of a name for the purpose of voting * * *."

In *People ex rel. Brown* v. *Board of Supervisors* (216 N. Y. 732, revg. 170 App. Div. 364) the voter, in the appropriate blank space, wrote in the name of his choice for Senator on a ballot which contained a perpendicular row of spaces designed for the cross mark of the voter who intended to vote for any candidate whose name was printed on the ballot, the particular space before the blank space thus used by this voter having been (as stated in 170 App. Div. 371) " blacked out, inasmuch as it was not required, for the statute does not contemplate that in addition to the writing in of the name, the choice of the voter thus writing should be indicated by a cross mark." In this " blacked out " space the voter made a voting or cross mark opposite the name. This ballot was held illegal by the Court of Appeals, and a like ruling was made by us in *Matter of O'Brien* (180 App. Div. 853, 854), where certain ballots had " a superfluous cross before relator's name written in."

It is urged on behalf of the respondent that a distinction between these cases and the one at bar is presented by the fact that in the *Brown* case the blank voting space on which the voter placed a cross mark to the left of the name he wrote in had been " blacked out," and in the *O'Brien* case no blank voting space had been provided but the cross mark had been made just ahead of and on the line on which the name was written in. To my mind, the distinction is without difference. True, the form of ballot as provided by the officials here may have seemed to invite the making of a cross mark in the voting space. In this respect the officials were at fault. The form of the ballot is distinctly provided for by statute, section 104 of the Election Law reading: " No voting squares shall be provided in the blank spaces for written names."

The superfluous inclusion of voting spaces on the ballots involved did not permit the voter to violate section 219 of the Election Law (*supra*) and to make a cross mark on his ballot in addition to the writing in of the name of his candidate.

As is usual in such cases, the question of the voter's intent is urged. The statutory instructions to voters, printed at the top of the ballot (Election Law, § 105), include amongst other information, the following:

" 2. To vote for a candidate whose name is printed on this ballot make a single cross × mark in one of the squares to the right of an emblem opposite his name.

" 3. To vote for a person whose name is not printed on this ballot write his name on a blank line under the names of the candidates for that office."

And of these statutory provisions it was said in *People ex rel. Colne* v. *Smith* (*supra*, at p. 839): " The Legislature had prescribed clear and definite rules for the guidance of voters and they were printed on the face of the ballots. If voters took pains to ascertain their rights or observe such rules, there was no difficulty in casting valid ballots, for each voter was informed by such rules that if he tore or defaced or wrongly marked his ballot he was entitled to return it and obtain another."

In *People ex rel. Karns* v. *Porter* (176 App. Div. 330, 337) the history of the election laws with particular reference to the determination of the *intent* of the voters was outlined and the final repeal of legislation upon the subject of *identification* of ballots at elections was pointed out, the court adding: " We have, therefore, from the presence, in the statutory law, of provisions on the subject of the *intention* of the voter and on the subject of ballots *marked for identification*, and the subsequent elimination of such provisions, the result that, according to certain tests explicitly stated in the present statute regulating elections, ballots are either valid or void, depending solely upon the evidence furnished by the ballots themselves. The law thus established has been developed and crystallized from experience in the practical use of our system of voting by ballot. There is now no such thing as a ballot marked by the voter for identification. The ballot is valid or void, judged by a definite test. Room for our consideration of the intent of the voter is slight, because the statutory standard to determine the validity of a ballot has been arrived at in recognition of that important element."

" The voter must show his intent as required by the statute or his ballot cannot be counted." (*People ex rel. Colne* v. *Smith, supra*, at p. 841.)

I am of the opinion that the ballots in question should not have been counted for the respondent, and that the dismissal of the complaint was erroneous. I am constrained, therefore, to vote for a reversal of the judgment, upon the law, and the entry of judgment in favor of the relator for the relief demanded in the complaint, with costs.

LAZANSKY, P. J., concurs.

Judgment dismissing complaint affirmed, with costs.