Henry T. Dollard and Others, Plaintiffs, v. George T. Bowdoin and Others, Defendants.

Supreme Court, Nassau County, May 27, 1933.

*Percy D. Stoddart*, for the plaintiffs.

*Winslow S. Coates*, for the defendants.

Bonynge, J. As this application, designed to establish the results of a village election, is submitted for decision, learned savants release the disturbing information that the average of rural intelligence is below that of the urban centers. (See Proceedings of American Eugenics Society, May 13, 1933.) The law, with a nice respect for the feelings of bucolic voters, recognizes no such distinction and hence the validity of a ballot cast in a village election is determined by the same tests that are applied to those cast by the supermen of the metropolitan area. (Election Law, §§ 100, 190; *People ex rel. March* v. *Beam*, 117 App. Div. 374; modfd., 188 N. Y. 266.) This failure of the lawmakers to keep step with the real or imaginary discoveries of the advocates of selective breeding of the human species, operates to the disadvantage of plaintiffs, as will shortly appear.

Oyster Bay Cove is one of the innumerable sequestered hamlets in Nassau county. It was incorporated as a village a few years ago for the purpose, among others, of protecting the inhabitants and their estates from the depredations of the city-bred intelligentsia who descend in force on each warm Sabbath day with their cultural impedimenta of comic supplements, lunch boxes and pop bottles. Until the happening of the events now about to be narrated, the

political life of the village was tranquil and unruffled. The village fathers were selected on the basis of merit and by acclamation and envy gnawed at no man's vitals. Utopia, cleansed of all political divisions, social distinctions and self-seeking, seemed to be at hand and the very landscape smiled with fat contentment. But even the most perfect works of man do not long endure, and thus it came to pass that the gaunt spectre of Political Ambition intruded upon this pastoral paradise. The annual village election was held, pursuant to statute, on March 21, 1933, to choose a mayor and two trustees. In advance of that event the self-styled " Citizens Association," with the emblem of a black circle, nominated reluctant but worthy candidates for these offices. No opposing nominations were made by any group or faction and at least another year of amity seemed assured. Lacking a village hall or other place of meeting, the election was held in the grand salon or drawing room of one of the candidates, and a congenial little company gathered to vote and while away the afternoon with pleasant discourse. The polls were advertised to close at six P. M. Shortly before that hour, and without any preliminary announcement of their plan, the yeomanry of the vicinage appeared upon the scene, demanded ballots, wrote in the names of other candidates, voted and departed, leaving the adherents of the regular, or handpicked candidates, in a state bordering on dismay. It was then too late to summon the bankers, barristers and other estate owners from afar or to arouse their mates from cushions of ease, and within a few minutes the Rebellion of Oyster Bay Cove, for better or for worse, was indelibly written into history. The function of the court is to record this lamentable flight of the Dove of Peace and to declare the results consequent thereon. The inspectors of election (two of them being candidates and the third the wife of a candidate) demonstrated the impracticability of carrying water on both shoulders by proclaiming the following results:

### Citizens Association Candidates.

For Mayor, George T. Bowdoin.................... 14 votes
For Trustee, Grover O'Neill...................... 12 votes
For Trustee, John E. Rousmaniere................. 13 votes

### Independent Candidates.

For Mayor, Henry T. Dollard..................... 4 votes
For Trustee, William J. Watson................... 6 votes
For Trustee, Wilhelmina Estberg.................. 5 votes

Void ballots, 15.

It is evident from an inspection of the ballots that the vote was erroneously canvassed. Ballot No. 1 contains a superfluous cross

mark in the blocked out space to the left of a written name and is clearly invalid. (*People ex rel. Brown* v. *Board of Supervisors,* 216 N. Y. 732.)

Ballots Nos. 24, 28, 30, 31, 32 and 33 are void because the written names of the independent candidates appear in places other than the blanks provided therefor and also because of other written matter appearing on said ballots. (Election Law, § 219.)

Nine ballots, viz., Nos. 19 to 23, both inclusive, and Nos. 25, 26, 27 and 29, stand upon a different footing. Upon each of these the voter placed a superfluous cross in what would normally be the voting column and opposite written in names. This did not invalidate the ballots. (*People ex rel. Simons* v. *Knickerbocker,* 225 App. Div. 212; affd., 250 N. Y. 594; *Matter of Garvin,* 168 App. Div. 218.) Moreover, the failure of the election officials to block out the space in the voting column, in the manner illustrated in section 105 of the Election Law, laid a trap for the unwary and constituted at least an implied invitation to voters to mark the unnecessary crosses. These ballots should be counted.

Other errors, not involving the validity of ballots, appear in the count and tabulation of the inspectors.

The corrected figures are as follows:

For Mayor:

| | |
|---|---|
| George T. Bowdoin | 14 votes |
| Henry T. Dollard | 12 votes |

For Trustees:

| | |
|---|---|
| William J. Watson | 13 votes |
| John E. Rousmaniere | 13 votes |
| Grover O'Neill | 12 votes |
| Wilhelmina Estberg | 12 votes |

Upon the stipulated facts summary judgment will be granted pronouncing the foregoing result, without costs. Inasmuch as all parties have agreed that the questions at issue could properly be determined in this action, the court has not been astute to find reasons for reaching a contrary conclusion. Settle order on notice.