In the Matter of the Application of HAROLD CHAPMAN, Petitioner, for Examination of Ballots under the Election Law.

THOMAS E. HAVENS, Respondent.

Supreme Court, Suffolk County, April 17, 1940.

*Frederick J. Miller,* for the petitioner.

*Jacob Harding,* for the respondent.

SWEZEY, J. In this proceeding the attorneys appearing for the parties have considerately stipulated the facts, thereby obviating further hearings upon the part of the court.

From the stipulation it appears that in the primary election, held on April 2, 1940, in the thirty-first election district, town of Brookhaven, Suffolk county, a total of twenty-six votes were counted for Thomas E. Havens, twenty-five write-in votes were counted for Harold Chapman and four write-in votes were counted for Harold L. Chapman. Petitioner contends that the twenty-five votes for Harold Chapman and the four votes for Harold L. Chapman were for the same candidate and should have been so counted.

It further appears from the stipulation that petitioner's full name is Harold Lloyd Chapman; that he is enrolled in the Democratic party as Harold L. Chapman in the thirty-first election district; that the petitioner resides in said district; carries on his business under the name of Harold Chapman; is registered with the Social Security Board as Harold Chapman; is commonly known in his business in said election district by the name of Harold Chapman; that he holds title to his residence and business property in the name of Harold L. Chapman; that in certain fraternal associations he is carried on the books as Harold L. Chapman and sometimes as Harold Chapman; that he is a member of the planning board of the town of Brookhaven under the name of Harold L. Chapman and a member of the board of trustees for Union Free School District No. 32 of the town of Brookhaven under the name of Harold Chapman, and that there is no other person of the same or similar name in said election district.

No case directly in point has been called to our attention. However, in *Matter of Sweeney* (158 App. Div. 496; revd. on other grounds, 209 N. Y. 567) the solution is indicated. In that case the question was whether two votes for Harry V. Borst should be counted for Henry V. Borst. The court specifically called attention to the fact that the affidavits failed to state that Henry V. Borst was known anywhere in the district as Harry V. Borst.

It has also been held that the omission of the middle initial did not render a judgment invalid or prevent its becoming a lien, or that the mistaken inclusion of a middle initial in a *lis pendens* did not prevent its being notice to a purchaser *pendente lite.* (*Clute* v. *Emmerich,* 26 Hun, 10; *Weber* v. *Fowler,* 11 How. Pr. 458.)

In the case at bar there is no question as to the identity of the person voted for. Under all the circumstances, I am of the opinion that the twenty-five votes cast for Harold Chapman and the four votes cast for Harold L. Chapman should have been counted for one and the same person and should be credited to the petitioner, as his name appears on the enrollment list of the Democratic party, namely, Harold L. Chapman.

I, therefore, direct the board of elections of Suffolk county to vacate the certificate of election heretofore issued to Thomas E. Havens certifying his election as Democratic county committeeman for the thirty-first election district, town of Brookhaven, in the primary election held April 2, 1940, and I further direct the said board of elections to issue supplemental certificate certifying the election of Harold L. Chapman as Democratic county committeeman for the thirty-first election district, town of Brookhaven.