**798**

In the Matter of the Application of LAWRENCE SLATER, Petitioner, to Examine, Recanvass, and Retally All Ballots and All Void and Protested Ballots Cast for the Office of Trustee of the Village of Afton, Chenango County, at a Village Election held on the 16th day of March, 1943, pursuant to the Village Law.

County Court, Chenango County, April 21, 1943.

*Ward N. Truesdell* for petitioner.

*David F. Lee* for Carroll F. Vail and the Village Board of the Village of Afton, respondents.

BARNES, J. This is a recount of the ballots cast at the village election in the town of Afton for the office of trustee. There were two hundred and fifty-seven ballots cast. It involves "write in" names on paper ballots.

Upon the hearing there were forty-eight ballots uncontested for Lawrence Slater and seventy ballots uncontested as being

cast for Carroll F. Vail. There are forty-three additional ballots which were objected to for minor irregularities which I find are valid ballots for Carroll F. Vail and the numbers of these ballots are attached hereto as Group 1.* There are also four ballots which are valid ballots for Carroll F. Vail, although void as to the office of mayor and the numbers are attached hereto as Group 2. There are forty-six ballots objected to because the name written in is mispelled or the first initial only given, or because some part of the writing extends outside of the blank space. In this case, there was proof given that there was no other person living in the village of Afton by the name of L. Slater or any similar name and these ballots are valid ballots for Lawrence Slater. (*People* v. *Seaman*, 5 Den. 409; *Matter of Sweeney*, 158 App. Div. 496; *Matter of Chapman* v. *Havens*, 173 Misc. 959.) The list of these numbers is given in Group 3 attached hereto. There are six ballots in which merely the name, Slater, was written in. I find no precedent for counting these ballots where only the last name was used and I believe that the case entitled *Matter of Garvin* (168 App. Div. 218) is authority for holding that such ballots are invalid, and I so hold. The numbers of these ballots are given and are attached hereto as Group 4.

There are two ballots, numbers 44 and 227, where a line was drawn through the printed name of Carroll F. Vail. These marks invalidate such ballots. There are fourteen ballots, the numbers of which are listed in Group 5 attached hereto, which have glaring irregularities invalidating them. This accounts for all the ballots except twenty-four, the numbers of which are given in Group 6 attached hereto.

The total of the ballots above disposed of gives Vail one-hundred seventeen and Slater ninety-four. It will be seen that if the twenty-four remaining ballots are counted for Slater, he will have won the election by a majority of one. These twenty-four ballots all have the name of Lawrence Slater written in and in each case the voter, in an apparent effort to make doubly sure that the ballot would be counted for Lawrence Slater, placed an " x " mark in front of the name so written in. The " x " mark clearly is unnecessary, but the question arises as to whether or not such " x " mark invalidates the ballot and defeats the purpose of the voter by his extra precaution. The space in the horizontal column in front of the name was blacked out in accordance with the provisions of the Election Law. Four of these ballots have an " x " mark placed

---

* Schedule of ballot numbers omitted as not of general importance.— [REP.

in the blacked-out surface and the remaining twenty of the ballots have the " x " mark to the right of the blacked out surface and to the left of the written name. The four ballots having the " x " in the blacked-out surface seem to me to be identical with a ballot described in *People ex rel. Brown* v. *Board of Supervisors* (170 App. Div. 364, 371) and therein described as " Ballot 79." The Appellate Division in that case held that these ballots were valid ballots for the candidate whose name was written in, but the Court of Appeals in an opinion reported in 216 New York 732 (p. 734) reversed this holding and held that such marks invalidated the ballot. I am, therefore, bound by the decision of the Court of Appeals in that case and hold that these four ballots are invalid.

As to the remaining twenty ballots in which the " x " mark was made between the blacked-out space and the written name, it appears that following the holding of the Court of Appeals in 216 New York 732 the Appellate Division passed upon this exact condition in *Matter of O'Brien* (180 App. Div. 853) and held that such ballots are illegal. I do not find that this decision was overruled by the Court of Appeals in the case of *People ex rel. Simons* v. *Knickerbocker* (255 App. Div. 212, affd. 250 N. Y. 594). The *Knickerbocker* case is distinguished by the fact that the election board in printing the ballots in that case left a blank square in the perpendicular line in front of the line for the writing of the name. The court in that case stressed the point that the election ballot was not properly printed and misled the voters and invited them to make the " x " mark complained of. In our case, the space was properly blacked out and comes directly within the precedent established in *Matter of O'Brien (supra)*. These ballots are therefore invalid.

The final tabulation, therefore, is: —

Ballots cast for Carroll F. Vail.................. 117
Ballots cast for Lawrence Slater................ 94
Void or blank ballots............................ 46

The remedy lies with the lawmakers. The necessity of a secret ballot is all important, but at this time, when millions of our citizens are fighting for the right to freedom, a petition to our Legislature to rewrite our election law is certainly opportune.

Proceed accordingly.