In the Matter of CLARENCE L. HASKELL, Petitioner, against HENRY E. HANNAH et al., as Inspectors of Election, et al., Respondents.

Supreme Court, Special Term, Nassau County, December 28, 1946.

*Buckley & Buckley* for petitioner.

*Hall, Robinson & Hogan* for Board of Water Commissioners, respondent.

COLDEN, J. Application, pursuant to sections 330 and 333 of the Election Law, for an examination, inspection and recanvass of all the ballots which were cast at an election for the office of a Water Commissioner of the Plainview Water District, Plainview, Town of Oyster Bay, County of Nassau, State of New York, held on December 3, 1946.

The only candidate whose name was printed on the ballot was that of the respondent, Stephen S. Moddle, who is credited with twenty-one votes. The petitioner's name was not printed on the ballot. He was credited with twenty-one write-in votes. The election inspectors refused, over protest, to credit him with nine votes which were written-in as " C. L. Haskell ", two votes which were written-in as " L. Haskel ", and two votes which were written in as " L. Hascell ".

Petitioner states that his true name is Clarence L. Haskell, but that among his friends, family and intimates in his community, he is known as " Larry Haskell ", " L. Haskell " and " C. L. Haskell ". The opposing affidavit of the Chairman of the Board of Commissioners of the Plainview Water District does not directly dispute this, but attempts in a general fashion to cast some doubt upon the probative effect of two of the three affidavits submitted in support of the petition. He further states, without giving any facts, that he has obtained close knowledge of the people resident in the district and after check-

ing the poll list of the election in question finds " that there are at least nine (9) names appearing on such poll list of the recent election who voted who are people who personally told me many a time that they do not possess the qualifications to vote at these special elections and that there are also at least two (2) voters who are not citizens of these United States  *  *  *."

If the purpose of the foregoing statement was to vitiate the election, it has failed in the absence of a factual showing and of an application for that relief.

Upon this application, the court is called upon to examine and recanvass the sixty-one ballots which were cast at the election in question. It finds that the respondent, Stephen S. Moddle, received a total of twenty-one votes, which have been marked Exhibit A.

Upon the instant record, the court finds that the petitioner's true name is Clarence L. Haskell, but that he is known among his friends, family and intimates in his community as " Larry Haskell ", " L. Haskell " and " C. L. Haskell " and that there is no other person in the district known by the foregoing names. Therefore, any of the foregoing names properly written in, in accordance with the requirements of the Election Law, will be counted in favor of the petitioner. (*Matter of Chapman* v. *Havens,* 173 Misc. 959; *Matter of Slater* [*Village of Afton*], 180 Misc. 798.) Exhibit B consists of six ballots in which the name " C. L. Haskell " was written in. These are valid ballots and should be counted in favor of the petitioner. Exhibit C consists of nine ballots in which the name " L. Haskell " was written in. These are valid ballots and should be counted in favor of the petitioner. Exhibit D consists of two ballots in which the name " L. Haskel " was written in. These are valid ballots and should be counted in favor of the petitioner. Exhibit E consists of one ballot in which the name " Larry Haskell " was written in. This ballot is valid and should be counted in favor of the petitioner. The foregoing eighteen ballots are the only ones which have been duly and properly voted in favor of the petitioner and for which he is entitled to credit.

On each ballot, there were following " Instructions ": " 1. To vote for a candidate whose name is printed on this ballot, make a cross (X) mark in the square in front of his name. 2. To vote for a candidate whose name is not printed on this ballot, write his name on the blank line provided for that purpose. 3. Mark only with pencil having black lead. 4. Any other mark or erasure on this ballot is unlawful. 5. If you tear, deface or wrongly mark this ballot, return it and obtain another."

The following ballots are irregular and invalid and cannot be counted in favor of the petitioner for the reasons which will be indicated:

Exhibit 1 consisting of three ballots with a line or lines drawn through the printed name of Stephen S. Moddle. (*Matter of Slater* [*Village of Afton*], *supra.*)

Exhibit 2 consisting of six ballots with a cross mark in the blocked-out space to the left of petitioner's written-in name. (*People ex rel. Brown* v. *Board of Supervisors of Suffolk County*, 216 N. Y. 732, 734; *Dollard* v. *Bowdoin*, 148 Misc. 42; *Matter of Slater* [*Village of Afton*], *supra.*)

Exhibit 3 consisting of one ballot with petitioner's name written in, in a place other than the blank provided therefor. (Election Law, § 219; *Dollard* v. *Bowdoin*, *supra.*)

Exhibit 4 consisting of one ballot with a cross mark placed before petitioner's written-in name. The intent of the voter is clear, but the statute does not contemplate the use of the cross mark when the name has been written in. (*Matter of Winchester*, 123 Misc. 191; *Matter of O'Brien*, 180 App. Div. 853.)

Exhibit 5 consisting of six ballots contain cross marks after the written-in name but inside the box provided for the written-in name. If a cross mark between the blocked-out space and the written-in name vitiates a ballot (*Matter of O'Brien*, *supra*; *Matter of Slater* [*Village of Afton*], *supra*), it follows that a cross mark following the written-in name has the same effect.

The remaining five ballots need not be considered either because they are void or contain names other than that of the petitioner.

It is obvious from the foregoing tabulation that more voters intended to vote for the petitioner than any other candidate and if the instructions on the ballots had been followed, the petitioner would have been elected. Unfortunately, however, such instructions were not followed and the statute does not contemplate any other method of voting for a candidate whose name has not been printed on the ballot than by merely writing in his name in the space provided therefor. (*Matter of Winchester*, *supra.*)

It follows that the respondent, Stephen S. Moddle, has been duly elected inasmuch as he received twenty-one valid votes and the petitioner was defeated inasmuch as he received only eighteen valid votes.

Settle order on notice.