In the Matter of WENDELL C. MISCHLER et al., Petitioners, against JOHN DRAVINSKI et al., Respondents.

Supreme Court, Special Term, Nassau County, November 9, 1951.

*Albert L. Merlis* for petitioners.

*Louis R. Harolds* for respondents.

COLDEN, J. The petitioners challenge the validity of certain ballots cast in the primary election for Democratic Party Committeemen in the 75th Election District, Third Assembly District, County of Nassau, State of New York.

Two county committeemen were to be elected. The names of the petitioners, Wendell C. Mischler and John L. Florence, were printed on the ballot, as well as that of the respondent, John Dravinski. The respondent, Harold Fahy, was a write-in candidate. Of the thirty-six ballots cast, one was ruled void, pursuant to protest and placed in a separate envelope so designated. As the result of the official canvass, the following vote was recorded:

| Florence | 8 |
| Mischler | 10 |
| Dravinski | 21 |
| Fahy | 19 |

Of the thirty-five ballots canvassed, the parties conceded that twenty-two were valid, leaving thirteen for the court to pass on. These have been marked as Exhibits 1 to 13 inclusive.

Exhibits 1 to 5 contain a cross mark in a printed blank circle above which is plainly printed " Vote for Two ". Petitioners' names, printed beneath, are bracketed and the figure " 4 " is printed between the bracket and the voting squares to the left. There is then a blank space followed by the name of the respondent Dravinski, with the figure " 5 " printed between said name and the voting square. This is followed by two blank spaces to the left of which are blacked out voting squares. Since all of the candidates were Democrats, the cross mark in the circle at the head of the column indicated a vote for the three candidates whose printed names appeared thereon, whereas only two candidates could be voted for. The court cannot, under these circumstances, determine which of the two candidates are entitled to the vote represented in the circle above the three names. If the space containing the petitioners' bracketed names was entitled to a circle to indicate a straight ticket vote, so was the group represented by the respondent Dravinski's name. (*Matter of Bokor* v. *Cohen,* 172 Misc. 448, affd. 257 App. Div. 1069.) Accordingly these five ballots may not be counted for any candidate.

Exhibits 6 to 9 contain cross marks made by the voter in the voting square at the left of the respondent Dravinski's name. These may properly be counted as votes for him under rule 2 of section 212 of the Election Law. However, the name of the respondent Fahy was written in in one of the blank spaces in each of said ballots with a superfluous cross before his name. This rendered those votes invalid. (*Matter of O'Brien,* 180 App. Div. 853, 854.)

Exhibit 10 contains a proper vote for the respondent Dravinski. However, the name of respondent Fahy was printed in, with the figure " 6 " before the name. This was an identification mark which rendered the entire ballot void. (*People ex rel. Colne* v. *Smith,* 188 App. Div. 834, 839; *Matter of Devine* v. *Osmann,* 164 Misc. 665, 674, mod. on other grounds 252 App. Div. 787, affd. 275 N. Y. 639.)

Exhibit 11 contains proper voting marks for the petitioners and, in addition, a voting mark in the straight ticket circle. The cross in the circle above the group is surplusage and may be disregarded. (Election Law, § 212, rule 7; *Matter of Smith* v. *Fiorito,* 198 Misc. 518, 520.) This ballot will, therefore, be counted as a vote for each of the petitioners.

Exhibits 12 and 13 contain proper voting marks for the respondent Dravinski. However, the name " John Fahy " was written in, in Exhibit 13, and printed in, in Exhibit 12. The respondent, Harold Fahy, claims that these two votes should be counted as votes for him. The court is unable to agree. There is no evidence that he has been known by the name of " John Fahy " and under the circumstances, it would be improper to count them as votes for him. (Cf. *Matter of Sweeney,* 158 App. Div. 496, revd. on other grounds, 209 N. Y. 567; *Matter of Haskell* v. *Hannah,* 188 Misc. 589; *Matter of Chapman* v. *Havens,* 173 Misc. 959.)

In light of the foregoing, the thirteen questioned ballots produced one vote each for the petitioners and six votes for the respondent Dravinski. These votes, added to those from the twenty-two unquestioned ballots, result in the following tally:

| | |
|---|---|
| Petitioner, John L. Florence | 8 |
| Petitioner, Wendell C. Mischler | 10 |
| Respondent, John Dravinski | 20 |
| Respondent, Harold Fahy | 12 |
| John Fahy | 2 |

which does not affect the result of the election in the official canvass.

Moreover, on the basis of the testimony adduced at the hearing, the court is convinced that the petitioners did not continue their objections, as required by the provision of section 213 of the Election Law, nor request the inspectors to make a written memorandum concerning the nature of the objection and the ruling on the back of each ballot. Under these circumstances, it is doubtful whether the court may pass upon any of the ballots other than the one to which objection was continued, as required by the statute. (*People ex rel. Brown* v. *Freisch,* 215 N. Y. 356.)

Petition is accordingly dismissed. Proceed on notice.