Frank S. McCullough, J.
This is an application by William J. Murray, a write-in candidate for member of the County Committee of the Democratic party of the Sixth Assembly District, Sixteenth Election District of the Town of Cortlandt for an order to determine the question of the protested, wholly blank or void ballots and/or an order permitting the examination of any and all ballots.
Vincent McIntyre received 28 votes and “ William J. Murray ” 25 votes. ‘ ‘ William Murray ’ ’ received 2 votes,1 ‘ Wm. Murray ’ ’ *379 received 3 votes and “ Murray ” received 1 vote. If 4 of those votes are found to have been cast for William J. Murray he will have received the greater number of votes and will be elected candidate instead of Vincent McIntyre.
No contestable proof has been offered that the ballots were marked in any manner other than as indicated on the return. No opposition either by way of affidavit or memorandum of law has been submitted by Vincent McIntyre. The County Attorney appearing on behalf of the Board of Elections and the attorney for the petitioner concede that the only question for determination is one of law that may be determined by this court without reference.
The Town Clerk who is the custodian of the voted ballots was not made a party to this proceeding and the application insofar as it requests an examination of all ballots is denied. The Board of Elections, the custodian of protested, void or blank ballots, on the return handed up such ballots to the court along with the combination return, record of ballots, tally sheet and statement of canvass on the return day of this application.
Under section 330 of the Election Law the court is vested with jurisdiction to summarily determine any question of fact and law.
There has been a variety of decisions on write-in ballots. It should be said at the outset that none of the cases held that the court is bound as a matter of law to presume that the same person was intended where the names were spelled differently. Thus a write-in vote written in as “ Harry V. Borst ” was not counted for Henry V. Borst (Matter of Sweeney, 158 App. Div. 496). Similarly a write-in vote intended for John Reilly and written in as John Reiley was not counted for John Reilly (People ex rel. Obert v. Bourke, 30 Misc. 461).
Judge Pound (later Chief Judge of the Court of Appeals) in Matter of Zimmer (76 Misc. 320, 321) stated:
11 At the primary election in question * * # thirty-three for Charles M. Zimmer, and thirteen for Charles Zimmer, C. Zimmer, C. N. Zimmer and other incorrect or incomplete forms of the full name Charles N. Zimmer. While some question is raised as to the meaning of the later ballots, it appears that enough of them were intended for Charles N. Zimmer to elect him, if they may be counted according to the intent of the voters. It was not the duty of the inspectors of the primary election so to determine the intent of the voters. Their duties were ministerial. They made a correct return of the votes as east and their functions ended.”
*380 “ It is obvious that the court has no power to alter the return of the inspectors of the primary election ” (p. 322).
The subsequent case of Matter of Chapman v. Havens (173 Misc. 959) and Matter of Slater (180 Misc. 798), reached a different result. On the argument before the Court of Appeals in Matter of Greene (297 N. Y. 651) it was argued these cases are distinguishable because there was no possibility for confusion and mistaken identity could not arise since there were no others by like or similar names known in the area where the write-in was made. The petitioner in this proceeding in effect contends a like situation exists here and submits the registration list of the Sixteenth District which discloses a Walter Murray and the petitioner herein William J. Murray. William J. Murray is an enrolled voter in the Democratic party. Walter Murray is not.
It is unquestioned that ‘ ‘ Murray ’ ’ cannot be counted for William J. Murray. (See Matter of Garvin, 168 App. Div. 218; Matter of Slater, 180 Misc. 798; Matter of City of New Rochelle; Matter of Fasso, N. Y. L. J., Sept. 21, 1951, p. 586, col. 1; Matter of Jeffery, 23 Misc 2d 707.)
That leaves for determination William Murray and Wm. Murray.
In Matter of Jeffery (supra) the court held ballots marked Howard Chaple, H. Chappelle, Howard Chapell and Howard Chappie were cast for Howard W. Chappel.
Courts do not have the right to interpret the intent and meaning of a voter’s mind. The designation used here of William Murray and Wm. Murray however, under the circumstances here requires no interpretation. To hold otherwise would destroy the intent of the voter.
The basic purpose of the primary law is to give assurance to a member of a political party that his wish as to the conduct of the affairs of his party may be expressed through his ballot and the law should be liberally interpreted to give meaning to the democratic process. Such interpretation, however, should not be used to emasculate the plain meaning of the statutory law.
This court holds that William J. Murray has received a total of 30 votes and Vincent McIntyre a total of 28 votes and William J. Murray is the duly elected County Committeeman of the Democratic party from the Sixteenth Election District, Sixth Assembly District.