(October 21, 2005)

■ In the Matter of DIANA A. JOHNSON, Appellant, v MARGARITA LOPEZ-TORRES et al., Respondents, et al., Respondent. [804 NYS2d 363]—

In a proceeding pursuant to Election Law article 16, inter alia, for a re-canvass of certain affidavit ballots cast in the Democratic Party primary election for the public office of Surrogate, County of Kings, held on September 13, 2005, the petitioner, Diana A. Johnson, appeals from a final order of the Supreme Court, Queens County (Leach, J.), dated October 11, 2005, which, after a hearing, denied the petition and declared that Margarita Lopez-Torres was the winner in that primary election.

Ordered that the final order is reversed, on the law, without costs or disbursements, the petition is granted to the extent that the New York City Board of Elections is directed to re-canvass those affidavit ballots which have been invalidated because the voter failed to state his or her party enrollment and/or, if applicable, prior address, the petition is otherwise denied, and the matter is remitted to the Supreme Court, Queens County, to supervise the re-canvass directed herein in accordance herewith.

This appeal involves the Democratic Party primary election (hereinafter the primary) for the public office of Surrogate, County of Kings, which was held on September 13, 2005, between the petitioner, Diana A. Johnson, the respondent Margarita Lopez-Torres, and the respondent Lawrence Knipel. After the ballots were canvassed and counted, Lopez-Torres was declared the winner by 102 votes over Johnson. Knipel was approximately 17,000 votes behind Lopez-Torres.

On September 20, 2005, Johnson commenced the instant proceeding, inter alia, for a re-canvass of certain affidavit ballots. If she was not declared the winner after such re-canvass, she requested the holding of a new primary for the subject of-

fice based upon alleged irregularities in the machine vote. In support, Johnson argued, inter alia, that the instructions on the affidavit ballot are misleading and for this reason the New York City Board of Elections (hereinafter the Board) improperly invalidated approximately 900 affidavit ballots for failure of the voter to list his or her party enrollment and/or prior address. She also argued that hundreds of irregularities existed in the machine vote. Finding that Johnson had waived her right to challenge the affidavit ballots and had not sufficiently established her claim of irregularities to warrant a hearing, the Supreme Court denied the petition and declared Lopez-Torres the winner of the primary.

Under the particular circumstances of this case, Johnson did not waive her right to challenge the Board's invalidation of the approximately 900 affidavit ballots at issue by failing to object thereto upon the initial canvass. Prior to that canvass, the Board had informed the parties that due to the time constraints of a possible runoff mayoral election, it had altered its long standing practice of supplying the parties with requested copies of the affidavit ballots prior to the canvass and would instead supply the copies after the canvass to enable the parties to challenge these ballots meaningfully upon a subsequent re-canvass. Indeed, on September 27, 2005, the Supreme Court directed such a re-canvass of the challenged affidavit ballots, although, it subsequently ruled that the challenge had been waived. Contrary to the Supreme Court's ultimate determination, Johnson properly preserved her rights by asserting her challenge in the context of the anticipated re-canvass (*cf. Matter of Gross v Albany County Bd. of Elections,* 3 NY3d 251, 257 [2004]).

In order to verify voter registration, Election Law § 8-302 (3) (e) (ii) requires an affidavit ballot at a primary election to contain, inter alia, the voter's party enrollment and, if he or she had moved within the City of New York since the last registration, the voter's prior address. Here, hundreds of apparently otherwise eligible voters failed to fill in their party enrollment and/or prior address. Examining the instructions on the ballot envelope, it may be reasonably inferred that these voters were misled thereby into omitting the required information (*cf. Matter of Panio v Sunderland,* 4 NY3d 123 [2005]). Therefore, we direct the Board to re-canvass, under court supervision, those affidavit ballots which have been invalidated because the voter failed to state his or her party enrollment and/or, if applicable, prior address, provided that the voter is otherwise eligible to vote by such affidavit ballot (*cf. Matter of Weinberger v Jackson,* 28 AD2d 559 [1967], *affd* 19 NY2d 995 [1967]; *People ex rel.*

*Simons v Knickerbocker,* 225 App Div 212 [1929], *affd* 250 NY 594 [1929]).

Johnson failed to make a sufficient showing of voting irregularities in the machine vote (*see Matter of Graham v Umane,* 254 AD2d 359 [1998]; *Matter of Cregg v Fisselbrand,* 22 AD2d 342, 345-346 [1965], *affd* 15 NY2d 748 [1965]), so as to require a hearing on that issue.

Johnson's remaining contentions are without merit. Schmidt, J.P., S. Miller, Santucci and Spolzino, JJ., concur.